The opinion of the Court (the Chief Justice excepted, who had been of counsel in the cause) was afterwards thus delivered by
Sedgwick, J.
[After particularly stating the facts.] Whether the defendant was, or was not, entitled to freight for the hire of his vessel, antecedent to the capture, is of no importance in deciding this case. He certainly was not entitled to both the sums which he has received. He cannot be authorized to retain it from the plaintiff, for the reason alleged, that he is responsible for it to the British government. The award of the commissioners [ * 329 ] was in pursuance of a national * convention between the United States and Great Britain, to compensate for illegal captures. Such an award must be decisive, from the nature of the subject, against any claim which the government of Great Britain can set up to recover the money out of the hands of the defendant. The right of the defendant to retain the money, founded on the supposition that it belongs to the government of Great Britain, and may be recovered against him, is wholly groundless. Nothing can be more fanciful than the doctrine that the awards of the commissioners are revisable by courts of law, and that wherever they were made on a mistake of the merits of the claimant, the king of Great Britain can maintain indebitatus assumpsit for money received to his use ; and I may add that nothing could be more mischievous than an attempt of courts of justice to carry such a doctrine into effect. We are, then, bound to say that the award in favor of the defendant is a valid act, authorizing him to receive the money. The only remain ing question is, to whose use the money was received.
Keeping it in mind that the award conclusively decides that Mr. Bradford was entitled to receive, and the British government bound *291 to pay, this money, the question of his right to retain it against the plaintiff is, in my opinion, of easy solution.
Previous to the award, the defendant had received of the bankrupts, whose assignee the plaintiff is, the identical sum awarded, and for precisely the same subject. Now, I cannot distinguish this from a common case, which may be supposed: — A pays to B the debt of C, which is afterwards demanded and received by B of C. Equity and good conscience manifestly require that it should be paid over to A, to whom in justice it is due. C has no claim to it, for he has only paid what he owed. B cannot retain it, for he has been twice paid all that was due to him; and by paying it to A, all the parties have good justice, and no more.
In this case, Bradford, having ratified the act of his agent, in claiming the freight, by receiving the money, cannot be permitted to say that it was not received for a just debt; and as the money so received had been previously paid by Messrs. * Geyer & Son, it must be considered as received by the [ * 330 ] defendant to their use.
It is believed that, in all cases, the awards of commissioners must be conclusive against the government of Great Britain, and that, as they relate to the interests respectively of those who are to derive a benefit from them, those interests must depend on the existing state of facts. The awards operated on the subjects themselves, and conveyed an interest, as a relation to those subjects might deter- • mine. In many instances, the commissioners did not know, and could not know, the interests of those who ought to receive the money awarded, either for the vessel, the cargo, or the freight; as must frequently happen in cases of insurer and insured, and in other cases. We all think, therefore, that the rights of the parties must depend upon their interests; and that whenever an award was made nominally to one, where the interest was in another, that other would be entitled to the benefit intended; and that, according to this principle, the money, which in this case was awarded, was for the benefit of Messrs. Geyer & Son, and ought to be paid over to .them.
We therefore think that the direction of the judge was right, and that the verdict ought to stand.

Judgment according to the verdict.