Curia.
The award made by the referee in favor of the tenant *460 will of course be accepted, unless the facts on which his opinion is - founded, and which he has stated at the request of the parties, show it to be erroneous and unjust.
Without considering the title set up by the demandant, it is evident that whatever right she might have had is barred by the statute of limitations. She made no actual entry on the demanded premises within thirty years after her supposed title accrued ; which is the utmost period allowed, even to a minor.
The questions, whether the entry of a tenant in common is such as to accrue to the benefit of the others, and whether one has actually ousted another, are questions of fact, involving'sometimes the intentions and motives of the party in possession, which it is the province of a jury to determine. These have been submitted by the parties in this case to the referee, and we must understand him to have decided them against the demandant.
We are satisfied that this decision is perfectly correct. If these same facts had been found before a jury, they would have been instructed by the Court that they might presume an ouster and an adverse possession by Z. Wyman and those claiming under him. It would not be too much to say that a verdict for the demandant might have been set aside as against evidence.
*From the year 1774, Z. Wyman and his assigns have had the actual and exclusive possession of the premises. He procured deeds of conveyance from all the brothers and sisters, who, according to his opinion, had any title under the will. He made, at his own expense, important and valuable improvements, and took all the rents and profits to his own use. The claims made by the demandant and her brother tend further to prove the ouster by Wyman, and his adverse possession, inasmuch as they gave him occasion to deny their title, and openly to assert his own exclusive property in the premises. His pretensions were supported by the opinion of counsel consulted by both parties at the time; and whether that opinion were correct or not, the fact shows the nature of his possession, and the title under which he . claimed to hold it.
All this is abundant evidence of an actual ouster, and of an adverse possession, which continued upwards of thirty years. The cases of Fisher vs. Prosser, (4) and Gordon vs. Pearson, (5) which were cited by the counsel for the tenant, fully support the award of the referee, (a)

Report accepted,

*461 ADDITIONAL NOTE.
[A tenant in common of certain land conveyed the whole; the grantee enteren, and afterwards a creditor of the latter levied and entered upon the whole, claiming tobe sole owner. Held, the co-tenant of the grantor was disseised. — Bigelow vs. Jones, 10 Pick. 161. — See Parker vs. Proprs. &c. 3 Metc. 91.—Kittredge vs. Locks, &c. 17 Pick, 246.— Chiles vs. Conley, 9 Dana, 388. — Phillips vs. Gregs, 10 Watts, 158. —Hart vs. Gregg, 10 Watts, 185. — Watson vs. Gregg, 10 Watts, 289. —Bolton vs. Hamilton, 2 Watts & Serg. 294.
But where one in possession under a tenant in dower held over after her death, purchased the shares of some of the reversioners, and continued in the exclusive possession, but without manifesting any intention to oust the other reversioners j held, his possession was according to the title, and the reversioners were tenants in common with him, and entitled to partition. — Liscomb vs. Root, 8 Pick. 376. — See Catlin vs. Kidder, 7 Verm. 12.
A part of several tenants in common conveyed their shares to A, who afterwards executed a deed of the whole estate to B. 6 entered and claimed the whole, disseised the co-tenants, and then conveyed the whole estate to C, who also entered, claiming the whole. The co-tenants then conveyed their shares to D, who brings a writ of entry against C. Held, C was not estopped by the deeds to A, to set up a title by disseisin. — 3 Metc. 91.
One tenant in common, who enters upon the land and cuts timber, in the absence of any evidence of an ouster of the others, is presumed to enter under his legal title. — Whiting vs. Dewey, 15 Pick. 428.
Where one takes possession, claiming title to the whole property under a deed, which title is defective as to a moiety, this is a disseisin of the owners of such moiety. - Prescott vs. Nevers, 4 Mass. 326.
Petition for partition. Part of a lot of land, belonging to the estate of an intestate, was assigned by metes and bounds to his widow for dower, by commissioners duly appointed. They made no return, but she accepted and entered upon the land The administrator sold the reversion of the dower land, and the grantee conveyed it to the respondent, an heir who had continued to be seised, as tenant in common with the other heirs, in the rest of the lot, and to whom the widow conveyed her right in the dower land. The respondent fenced the dower land in presence of F, another heir, declaring that he claimed an exclusive right to it. F never attempted to disturb his possession, but the petitioner, the son of F, made several attempts to enter and occupy the land, which were repelled; and the respondent maintained his posses sion, and was in actual possession when F conveyed all his right to the petitioner. Held, whether the assignment of dower was valid or not, F was disseised, and nothing passed by his deed to the petitioner. — Flagg vs. Thurston, 13 Pick. 145.
A suit for partition will not lie, where the defendant has for any time, however short, held adversely to the plaintiff. — Law vs. Patterson, 1 Watts & Serg. 184.-Whether a tenant in common entered with this view, is a question for the jury. - Blackmore vs. Gregg, 2 Watts Serg. 182.
As to what constitutes a disseisin, see Blood vs. Wood, 1 Metc. 528. — Comings vs. Little, 24 Pick. 266. — Lessee, &c., vs. Courtney, 5 Pet. 320. — Bradstrset vs. Huntington, 5 Pet. 402.— Dennett vs. Crocker, 8 Greenl. 239. — Boothby vs. Hathaway, 2 Apple. 251.— Varick vs. Jackson, 2 Wend. 166. — Allyn vs. Mather, 9 Conn. 114. F H.]

 Cowp. 217.

 1 Mass. Rep. 323.

 [Chapman vs. Gray, 15 Mass. Rep. 439. — Leonard vs. Leonard, ante, 281. — Higley vs. Rice, 5 Mass. Rep. 344. — Brown vs. Wood, 17 Mass. Rep. 68. — Shumway *461 vs. Holbrook, 1 Pick. 114. — Barnard vs. Pope, 14 Mass. Rep. 434.—Ricard vs. Williams, 7 Wheat. 105.—Ed.]