## BROWN *versus* CLIFFORD.

Where a judgment debtor has an exclusive ownership of a parcel of land, a levy by his creditor upon an *undivided* portion of it, is invalid and void.

But when the debtor owns an *undivided* portion of a farm, a levy by his creditor upon a less proportionate part than he owns, will be effectual to divest his title to the part levied on.

The validity of a levy, as between the debtor and creditor, is not impaired, by the omission to have the incumbrance of a mortgage, known to be existing, deducted from the appraised value of the land.

ON EXCEPTIONS from *Nisi Prius*, SHEPLEY, C. J., presiding.

ENTRY to recover an undivided share of a farm described in the writ. *Nul disseizin* was pleaded.

The demandant claimed under a levy made July 24, 1851, upon nine forty-fourths of five-eighths of the farm, supposed to belong to the tenant.

The levy was introduced, and evidence that at the time it was made, the tenant was asked as to his title and replied, that there were eight shares, that he had purchased four and owned one, making five-eighths.

In defence was read a mortgage deed of general warranty from the tenant to one Cutting, dated June 20, 1848, acknowledged and recorded, purporting to convey the entire farm; and the note described in the condition was also produced and read.

It was also in evidence, that the farm was reputed to be the property of the first wife of tenant's father, by whom he had nine children, one of them dying after his mother and before his father, without issue.

There was evidence tending to show, that demandant knew of the existence of the mortgage, but that he said it was only a sham. No allowance was made for it in the levy.

The jury were instructed, if satisfied from the evidence, that the tenant at the time of the levy was the owner of the whole farm, the levy having been made upon an undivided portion of it, would not be legal, and their verdict should

be for the tenant; that if satisfied the tenant was at that time the owner of an undivided portion greater than the portion on which the levy was made, it would be legal and the demandant would be entitled to their verdict, although he knew the mortgage to Cutting was in existence at the time the levy was made.

A verdict was returned for demandant and the tenant excepted.

*Gilbert,* for tenant.

*Porter,* with whom was *Smith,* for demandant.

1. The correctness of the first part of the instruction is not contested.

2. In support of the second proposition we cite c. 94 § 10, R. S. The whole matter, as to the interest of the tenant, was a proper subject of inquiry by the jury, and they have settled it.

3. In regard to the mortgage, no objection lies to the instruction. If the creditor deems a mortgage honest and fair, he will of course, have its value deducted when making a levy, but he is not precluded from electing to take the risk. 8 Shepl. 160.

TENNEY, J. — The jury were instructed, that if the tenant was the owner of the entire farm, at the time of the levy, the levy upon an undivided portion was illegal and invalid. This instruction was in accordance with the provision of R. S., c. 94, § § 3 and 4.

The jury were further instructed, that if the tenant owned an undivided portion, greater than that on which the levy was made, it would be legal, and the demandant would be entitled to their verdict. By § 11, of the chapter of the statute referred to, when the debtor is the owner of such an interest as the instruction supposes, the whole or a part of his interest, as may be required to satisfy the execution may be taken, and thereafter held in common with the co-tenants.

The whole of the debtor's interest in the premises shall

pass by the levy, unless it be larger than the estate mentioned in the appraiser's description. R. S., c. 94, § 10. The levy can pass no greater estate than it describes; and if it be less than that to which the debtor has title, it is restricted to the description. And it being in nowise injurious to the debtor, that an estate less than he owned should be taken by the levy, it will be effectual. There may be questions, as to the extent of the debtor's interest, and the creditor may not wish to involve himself in disputes and litigation, and therefore limit his extent, that it may be free from doubt in this respect.

Another question involved in the instructions, is whether the omission to deduct the mortgage debt, from the estimated value of the premises, it being known to the creditor, will render the levy invalid. R. S., c. 94, § 31. The provision refers to a levy upon the right of redeeming from a mortgage, and not to a case where the creditor is willing to treat the land as that of the debtor, unaffected by the mortgage. He may choose to do this on the ground, that the mortgage is fraudulent and invalid as against creditors. And it has been held, that if the creditor choose to take the interest of his debtor, subject to the mortgage, without allowing any thing for the debt, he may do so. *Cummings* v. *Wyman*, 10 Mass. 464; *White* v. *Bond*, 16 Mass. 400; *Litchfield* v. *Cudworth*, 15 Pick. 23.

The appraisers did not estimate the value of the right of redeeming the portion of land owned by the debtor, but the whole is appraised subject to the incumbrance, and without any deduction therefor, and the levy is valid between the debtor and creditor notwithstanding the mortgage given by the former.                    *Judgment on the verdict.*

RICE and CUTTING, J. J., concurred.