SIEGFRIED HIGHSTONE v. MARY ANN BURDETTE, LOUIS MARTIN AND ANGELIQUE MARTIN.

| 54 | 329 |
|----|-----|
| 61 | 56 |
| 61 | 60 |

| 54 | 329 |
|----|-----|
| 106 | 314 |

*Ejectment between co-tenants—Burden of proving ouster.*

1. Ouster is a question of fact in an action of ejectment, and the burden of proving it is on the party who alleges it.

2. In ejectment between grantees of tenants-in-common defendant claimed title by adverse possession, and asserted that his entry under a warranty deed was an ouster of the co-tenants. There was evidence to show, however, that he only bargained for an undivided interest, and there was nothing to show that the co-tenants knew of his possession or claim of title. *Held*, for the jury to determine whether he entered claiming title to the whole, and intending to oust his co-tenants.

3. Where the parties in ejectment, being co-tenants, rely upon an ouster, and the defendant claims title by adverse possession, the plaintiff has the burden of showing that he was ousted within the period of the statute of limitations, and the defendant of showing that he had ousted the adverse claimant so long before that the period of limitation had run since.

Error to Mackinac.   (Steeres, J.)   June 18.—June 25.

EJECTMENT.   Plaintiff brings error.   Reversed.

*James J. Brown* and *C. R. Brown* for appellant, as to a presumption of ouster, cited *Woolsey v. Morss* 19 Hun 273; *Riggs v. Fuller* 54 Ala. 141; *Horne v. Howell* 46 Ga. 9; *Kinney v. Slattery* 51 Ia. 354; *Bradstreet v. Huntington* 5 Pet. 448; *Ricard v. Williams* 7 Wh. 60; *Prescott v. Nevers* 4 Mas. 330; *Alexander v. Kennedy* 19 Tex. 488; *Livingston v. Peru Iron Co.* 9 Wend. 511; *Campau v. Lafferty* 43 Mich. 429; *Foulke v. Bond* 41 N. J. 542; *Saxton v. Hunt* 20 N. J. 493; *Hodgdon v. Shannon* 44 N. H. 572; *Pitts v. Wilder* 1 N. Y. 525; *Holley v. Hawley* 39 Vt. 532; *Culver v. Rhodes* 87 N. Y. 348; *Roberts Admr. v. Morgan* 30 Vt. 324.   Possession by one tenant-in-common, unless exclusive, will not affect a co-tenant: *Campau v. Campau* 44 Mich. 31.

*Humphrey & Perkins* for appellee, as to ouster, cited *Wright v. Saddler* 20 N. Y. 320; *Campau v. Dubois* 39 Mich. 280; *Sands v. Davis* 40 Mich. 14; *Bailey v. Bailey* 36 Mich. 183: *Bray v. Bray* 30 Mich. 480; *Ewing v. Burnet* 11 Pet. 41; *Sydnor v. Palmer* 29 Wis. 226; *Stevens v. Brooks* 24 Wis. 326; *Jackson v. Smith*, 13 Johns. 406.

CHAMPLIN, J.   Under an Act of Congress entitled "An act to confirm certain claims to lands in the territory of Michigan,"[1] the heirs of Francis [Clairmon] Claremont were confirmed in their claim "to the tract of land containing seventy-eight acres and ninety one-hundredths of an acre, bounded northwardly by lot numbered eleven, eastwardly by Lake Huron, southwardly by lot numbered nine, and westwardly by the public lands; and being designated on the connected map of private claims at Michilimackinac as 'lot numbered ten, at Point St. Ignace.'"   A patent was issued by the United States to the heirs of Francis Claremont, and to their heirs and assigns, forever, on the 12th day of October, 1830.   The heirs of Francis Claremont consisted of four sons, named John, Francis, Louis and Alexander.   The plaintiff claims an undivided half of the above land in fee,

---

[1]Act of April 17, 1828.

and has brought this suit in ejectment to establish his title and obtain possession. His chain of title is as follows: 1st, the patent above mentioned; 2d, a warranty deed from Louis Claremont and Mary Claremont, of Hamburgh, county of Fremont and state of Iowa, to Siegfried Highstone, of "all their right, title and interest" to the land in question, dated October 7, 1874; 3d, a deed of the land in question from Francis Claremont, Sr., of Richfield, Summit county, Ohio, to Siegfried Highstone, dated September 2, 1874.

The defendants claim title through the same patent, and a deed from John Claremont and Rebecca Claremont to Louis Martin, dated July 8, 1854. This is a full covenant warranty deed of all the land, under which defendant entered into possession in 1866. May 1, 1867, Louis Martin conveyed the whole of the premises in question by warranty deed to his wife, Angelique Martin. April 6, 1878, Angelique Martin, by warranty deed, conveyed the whole of the premises to Mary Ann Burdette. April 21, 1881, Louis and Angelique Martin conveyed all of the premises to Mary Ann Burdette.

On the trial of the case in the court below it was conceded by the plaintiff "that the defendants, having entered upon said land in 1866, have been in the sole and peaceable possession thereof up to the present time;" but denied that the possession was acquiesced in by the plaintiff.

The rulings complained of consist in admitting and excluding testimony against plaintiff's objections, and in taking the case from the jury and directing a verdict for defendant. The defendant claimed title to the whole premises by adverse possession, and entry under color of title derived from John Claremont in 1854; that at the time this deed was executed the land was wild and uncultivated, and so remained when he took possession in 1866; and that such possession taken under a warranty deed was an ouster of his co-tenants, and the statute of limitations commenced to run from that time.

There was no evidence in the case that the co-tenants through whom plaintiffs claim had any notice or knowledge of Martin's taking possession, or of any claim by him

adverse to their title.  There was testimony tending to prove
that Martin only bargained for and purchased from John
Claremont his undivided one-fourth interest in the land.
Under the proofs in this case the question ought to have
been submitted to the jury as to whether Louis Martin
entered into possession of the lands in question, claiming
title to the whole, and with intention of ousting his co-
tenants.

In order to maintain ejectment the plaintiff was required
to prove, in addition to all other evidence which he was
bound to give, that the defendants actually ousted him, or
did some other act amounting to a total denial of his right as
such co-tenant.  How. Stat. § 7812.  The plaintiff gave evi-
dence tending to prove that he demanded of Mary Ann
Burdette to be let into possession with her in 1878, and that
she refused and claimed that she owned the whole land, and
was in possession and should keep it; and she refused to
divide the property with him.  Ouster is a question of fact
which it is the province of the jury to determine, and the
facts and circumstances which went to establish the ouster,
ought under proper instructions from the court to have
been submitted to the jury.  *Taylor v. Hill* 10 Leigh 457;
*Cummings v. Wyman* 10 Mass. 465;  *Purcell v. Wilson* 4
Grat. 16;  *Harmon v. James* 7 Sm. & M. 111;  *Blackmore
v. Gregg* 2 W. & S. 182;  *Carpentier v. Mendenhall* 28 Cal.
484;  *Clark v. Crego* 47 Barb. 599.  And the burden of
proof rests upon the party alleging it.  *Newell v. Woodruff* 30
Conn. 492;  *Van Bibber v. Ferdinand* 17 Md. 436.

In this case both parties relied upon ouster, and it was
incumbent upon the plaintiff to prove it within the statute
of limitations, and if he introduced evidence tending to
prove it within that period, then the burden was shifted upon
the defendants to prove an actual ouster which occurred
anterior to that period.  But the circuit judge did not permit
any of the testimony to go to the jury, and directed them to
render a verdict for the defendants.  This was erroneous.

The judgment is reversed and new trial granted.

The other Justices concurred.