ELLEN S. BEALL, APPELLANT, V. CHARLES MCMENEMY, APPELLEE.

FILED NOVEMBER 20, 1901. No. 10,434.

Commissioner's opinion, Department No. 3.

1. Dower-Limitation, Ten Years. An action for dower in the district court is within the statute of limitations and must be brought within ten years from the time it accrued.

2. Tenant in Common: ENTRY. The rule that an entry by one tenant in common is the entry of all the cotenants has no application where there is an actual ouster of the other cotenants or some act deemed by law equivalent thereto.

3. **Ouster Question of Fact.** Ouster is a question of fact to be determined from the evidence.

4. **Evidence Sufficient.** Evidence examined, and *held* sufficient to warrant a finding of ouster.

APPEAL from the district court for Washington county. Heard below before POWELL, J. *Affirmed.*

*A. C. Wakeley* and *John Lothrop,* for *appellant.*

*Walton & Mummert* and *Osborn & Aye, contra.*

ALBERT, C.

This action was brought by the appellant to recover dower in certain lands in Washington county. A trial to the court resulted in a finding and decree for the defendant, and the plaintiff brings the case here on appeal.

The determination of one question will dispose of this case, and that question is whether plaintiff's cause of action was barred by the statute of limitations when this case was commenced. If it was, the decree of the district court should be affirmed; if not, it should be reversed. This question involves two others, namely, whether an action in the district court for the recovery of dower is within the statute, and, if so, whether the statute had run in this case. We shall consider these two questions in their order.

1. Plaintiff cites many cases in support of the proposition that an action for the recovery of dower is not within the statute of limitations. But none of those cases, so far as we have been able to examine, are based on statutes worded like ours, and for that reason lose much of their force. While many of the earlier cases hold that actions for the recovery of dower are not within the statute, the trend of modern authority is in the other direction. *Proctor v. Bigelow,* 38 Mich., 282; *King v. Merritt,* 67 Mich., 194; *Beebe v. Lyle,* 73 Mich., 114; *Tuttle v. Willson,* 10 Ohio, 26; *Care v. Keller,* 77 Pa. St., 487; *Rice v. Nelson,* 27 Ia., 148. A study of our own statute makes it difficult

to conceive of a case that does not fall within its limits. After specific provisions as to the time within which certain actions may be brought, comes section 16 of the Code of Civil Procedure, which is as follows: "An action for relief not hereinbefore provided for, can only be brought within four years after the cause of action shall have accrued." From the section quoted, it seems clear that the legislature intended to cover every form of action. Section 6 of the Code, as it stood at the time of the trial of this case below, was as follows: "An action for the recovery of the title or possession of lands, tenements or hereditaments, can only be brought within ten years after the cause of such action shall have accrued. This section shall be construed to apply also to mortgages." In *Gatling v. Lane,* 17 Nebr., 80, Judge MAXWELL, construing this statute, says: "The statute is now held to be a statute of repose, which is available against the enforcement of stale demands. * * * The effect of the statute is to quiet titles to real estate, * * * If no action is commenced within the statutory period the occupier obtains an absolute right of exclusive possession of the premises, not only against the former owner but all the world." The language of the statute, as well as the construction placed upon it by this court, is sufficiently comprehensive to include claims for dower. In our opinion, an action for the recovery of dower is within the statute of limitations, and barred if not brought within ten years from the time it accrues.

2. It sufficiently appears from the evidence that the plaintiff was married to Robert T. Beall in 1862, and that he died in 1875; that from 1863, to the time of his death, he and the plaintiff resided together in this state as husband and wife; that at the time of the death of her husband he and one E. A. Allen were seized in fee of the land in controversy, each owning an undivided one-half. Some two years after the death of the said husband the whole of the land was sold for taxes to J. H. Hungate, who afterward, on December 22, 1881, conveyed the premises to the defendant. In June, 1882, the defendant procured a con-

veyance from E. A. Allen of his undivided one-half in the premises, and in July or August following entered. upon the premises, made some improvements and continued in possession until the following December, when he conveyed to another party, who at once entered upon the land and continued in possession for about five years and then reconveyed to the defendant, who at once entered upon and continued in possession of the land until the trial of this suit in the lower court. Thus, it will be seen, that at the time the defendant went into possession he held two deeds, —one from Hungate to the whole of the land, and one from Allen, the cotenant of plaintiff's husband, to an undivided one-half. Hungate had only a tax title, and could convey no greater title to the defendant than he had himself. But a tax deed, or a deed based thereon, is sufficient to give color of title. *Lantry v. Parker,* 37 Nebr., 353; *Twohig v. Leamer,* 48 Nebr., 247.

But plaintiff insists that the defendant must be presumed to have entered upon and held the land under his valid title to an undivided one-half of the land, and, therefore, his entry and possession was the entry and possession of all the cotenants, and not adverse to the plaintiff. As a general rule, the entry and possession of one tenant in common is the entry and possession of all, and therefore not adverse. But the rule has no application where there has been an actual ouster of the cotenant, or some act equivalent thereto. 1 Am. & Eng. Ency. Law [2d ed.], 801, and cases there cited. Ouster is a question of fact, which involves, to some extent, the intentions and motives of the party in possession. *Highstone v. Burdette,* 54 Mich., 329; *Cummings v. Wyman,* 10 Mass., 464. The evidence shows that, some fourteen years before the commencement of this action, the defendant took possession of the land; that within six months he conveyed it to another, who at once entered upon and took possession and continued in possession for about five years, when it was reconveyed to the defendant, who again took possession and held the same until the trial of this case. During all these fourteen years the

defendant, and those claiming under him, had the exclusive possession of the land and the exclusive enjoyment of the rents and profits. A sale of the land by one tenant in common has been held to amount to an ouster of his cotenants. *Culler v. Motzer,* 13 S. & R. [Pa.], 356, 15 Am. Dec., 604. It is not necessary to go to that length in this case. It is sufficient to say that, in our opinion, the sale of the land by the defendant fourteen years before the commencement of this action, coupled with the other facts and circumstances mentioned, is sufficient to warrant a finding of ouster, or of acts equivalent thereto, and that plaintiff's cause of action was barred by the statute of limitations.

It is recommended that the decree of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.