JOHN CRAVEN, APPELLANT, V. MARTHA A. CRAVEN ET AL., APPELLEES.

FILED APRIL 9, 1903.   No. 12,755.

1. **Tax Deed Coupled with Possession:** COLOR OF TITLE: STATUTE OF LIMITATIONS. A tax deed does not convey the title to real estate, but it is a sufficient color of title when coupled with possession to put the statute of limitations in operation against the rights of all cotenants in the land.

2. **Joint Tenants.** The right of joint tenants to participate in the benefit of a superior claim purchased by one of them in possession, is dependent on a timely offer to contribute their rightful proportion of the money expended by the tenant in possession in procuring such superior claim.

3. **Adverse Possession.** Where one tenant in common openly denies the title of his cotenants and is in possession of and claims the entire property himself by deed, such holding is adverse.

APPEAL from the district court for Merrick county: JAMES A. GRIMISON, DISTRICT JUDGE. *Affirmed.*

*John Patterson,* for appellant.

*W. T. Thompson, J. C. Martin* and *P. S. Heaton, contra.*

OLDHAM, C.

On August 29, 1881, the United States government issued a patent to William, Peter, John and Maggie Craven for a quarter section of land situated in Merrick county, Nebraska. Afterwards these parties all appear to have left the state of Nebraska, leaving an agent to look after their interests in the property. Taxes accumulated on the property, and defendant Lamb, having purchased tax sale certificates, obtained a tax deed from the treasurer of Merrick county for the land in dispute on May 27, 1887. This deed was recorded, and Lamb took possession under it, plowed a firebreak around the land, and began cultivating it. In January, 1888, Peter Craven, one of the grantees named in the patent, returned to Nebraska and purchased the land from defendant Lamb, and took a quitclaim deed for the quarter section from Lamb and wife, and recorded the same with the register of deeds of Merrick county. He thereupon executed a five-year lease of the premises to Lamb and Lamb remained in possession under this lease until after its expiration. In 1892 Peter Craven departed this life, and his wife, Martha A. Craven, for herself and the minor heirs of Peter Craven, deceased, executed a further lease of the premises for a period of five years to Lamb. Both of these leases were duly recorded; the condition of each being that Lamb would pay all taxes accruing on the property, and deliver possession in case the land was sold by the lessor. Lamb held continuous possession of the premises under these leases for about thirteen years.

On July 30, 1901, John Craven, one of the four tenants in common of the land, instituted this cause of action to quiet title to the land in himself and his other cotenants, and to cancel the tax deed from the treasurer of Merrick county to Lamb, and the quitclaim deed from Lamb and wife to Peter Craven, and asked for an accounting with defendant Lamb for the reasonable value of the rents and

profits of the premises during his thirteen years' occupancy.

Martha A. Craven and her children filed answers alleging the ownership of the premises as heirs of Peter Craven, deceased, under the deed from Lamb, and alleging that this title had been perfected by an adverse possession held under this deed for a period of fourteen years. Defendant Lamb also answered, alleging that he was rightfully in possession of the premises under the leases from Peter and Martha A. Craven, and that he had fully complied with all the conditions of the leases. The heirs of the other two tenants in common made no appearances and filed no pleadings. Under the issues thus joined, the trial court found for the answering defendants and dismissed plaintiff's petition, and plaintiff brings the cause to this court by appeal.

The contention of plaintiff is (1) that the tax deed conveyed no title to Lamb; and (2) that the possession of Peter Craven under his deed from Lamb is not adverse to his cotenants.

With reference to the first contention, we hold that the tax deed did not convey the title to the land, yet it did convey a color of title which when coupled with possession evidenced an intention to oust all the cotenants, and put the statute of limitations in operation against them. *Lantry v. Parker,* 37 Neb. 353; *Twohig v. Leamer,* 48 Neb. 247.

The general rule is that the possession of one tenant in common is not adverse to that of his cotenants. This rule does not apply, however, where the possession of one cotenant is followed by an ouster of all the others, or where it is based on the acquisition of a paramount adverse title to the entire estate. *Beall v. McMenemy,* 63 Neb. 70.

While the tax deed of the defendant Lamb was not a paramount title, yet it was an adverse color of title, coupled with possession, at the time he conveyed to Peter Craven, and the deed purported to convey the entire estate. Neither plaintiff nor any of the other cotenants

begun a timely action and offered to do equity by contributing their rightful proportion of the costs of procuring this deed, and asking to participate with Peter Craven in the rights conveyed by it; but they permitted him and his heirs to remain in open and notorious possession of this land by their tenant under leases of record for more than ten years before this action was instituted. The right of joint tenants to participate in the benefit of a superior claim purchased by one of them in possession is dependent on a timely offer to contribute their rightful proportion of the money expended by the tenant in possession in procuring such superior claim. *Sneed's Heirs v. Atherton,* 36 Ky. 276, 32 Am. Dec. 70.

The recording of the deed from Lamb to Peter Craven and of the leases from Craven and his heirs to Lamb, amounted to an open denial of the title of Peter Craven's cotenants; and the possession under these instruments was, we think, clearly adverse to the holding of the other cotenants. *Gill v. Dewitt,* 7 Ky. Law Rep. 587; *McCann v. Welch,* 106 Wis. 142, 81 N. W. 996. It would, therefore, follow that the judgment of the district court quieting the title to the lands in dispute in the widow and heirs of Peter Craven is fully sustained by the evidence, and consequently that plaintiff had no right to an accounting with defendant Lamb.

It is therefore recommended that the judgment of the district court be affirmed.

Barnes and Pound, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.