MARGARET LUND ET AL., APPELLEES, V. NELS P. NELSON ET
   AL., APPELLEES; NELS A. RENSTROM, APPELLANT.

FILED JUNE 13, 1911.   No. 16,463.

Tenancy in Common: ADVERSE POSSESSION. Where one tenant in com-
   mon enters upon the whole estate, improves it, takes the profits,
   pays all the taxes, makes it his home, and claims the whole for
   more than the period of the statute of limitations, an actual
   ouster should be presumed, although not otherwise proved.

APPEAL from the district court for Burt county: WILLIS
G. SEARS, JUDGE. Affirmed.

Henry E. Maxwell and E. D. Pratt, Jr., for appellant.

J. A. Singhaus, contra.

REESE, C. J.

This is an action to quiet the title to the northwest quar-
ter of section 3, township 21 north, range 8, in Burt
county. As would be suggested by the great number of
parties to the suit, the petition is of considerable length
caused by the necessity of showing the chain of title from
the representatives of deceased owners, heirs and other
interested parties. As we view the case, it can serve no
good purpose to set out even an epitome of the plead-
ings. It appears that plaintiffs are the widow and heirs
of Hokan T. Lund, deceased, who held title to twenty-
four twenty-fifths of the land in dispute by record title,
the deed having been executed to him by defendant on
the 14th day of April, 1890, who was the owner of the
property conveyed—that is the twenty-four twenty-fifths
thereof. We can detect no claim that plaintiffs' title to
this portion of the property is questioned. The sole con-
tention is as to the ownership of the remaining one twenty-
fifth. It is not claimed by plaintiffs that they or the hus-
band and father ever had title by deed to the one fractional

32

part. If they are not the owners of that interest by adverse possession and limitation, they do not own it, and defendant and his coheirs of a previous owner do. The cause was tried to the district court, which found in favor of plaintiffs, and quieted the title to the whole tract in them. Defendant Renstrom appeals.

The whole question arises upon the question of adverse possession and limitation. Hokan T. Lund purchased the twenty-four twenty-fifths interest on the 14th day of August, 1890, and immediately took possession of the whole tract; and he, up to the time of his death, a short time before the commencement of this action, and his family, since that time, have remained in possession, residing on and making it their permanent home, improving the land, constructing buildings, farming and fencing it, as owners, paying all the taxes, and receiving all the income therefrom. So far as is shown by the evidence, no one has ever made any claim of title to the one twenty-fifth, nor has any demand ever been made for a division of products, or the proceeds thereof, nor for the payment of rent. There has been no disturbance of the possession in any manner or at any time. During this period the names of the original owners of the one twenty-fifth interest were unknown, nor was it known by Lund where they could be found. Lund is deceased, and hence his testimony is lost; but the testimony of his family was taken, and his conduct and statements of claim of full ownership were shown.

But it is claimed that Lund and the owners of the one twenty-fifth interest were tenants in common; that the possession of one tenant in common is the possession of all, and therefore the statute of limitation could not run in favor of the tenant in possession until there had been an ouster of the other tenant or a denial of his right, which would be an equivalent. This is the general rule applicable to such tenancies, and the sole question is: Should it be applied to this case? Upon this we are not free from doubt. The authorities are not in entire har-

mony; but, as we view the case, guided by the best lights we have, the decree of the district court is probably correct. *Lodge v. Patterson*, 3 Watts (Pa.) 74; cases cited in *Warfield v. Lindell*, 30 Mo. 272. In *Thomas v. Garvan*, 4 Dev. (N. Car.) 223, it is held that the sole enjoyment of the property by one tenant in common is not of itself an ouster of his cotenant, the possession of one being the possession of all; but the sole enjoyment for a great number of years, without claim from another having right, and under no disability, becomes evidence of title and raises the legal presumption of an ouster. See, also, *Mehaffy v. Dobbs*, 9 Watts (Pa.) 363, 376; *Frederick v. Gray*, 10 Serg. & Rawle (Pa.) 182, 187; *Cloud v. Webb*, 4 Dev. (N. Car.) 290; *Lefavour v. Homan*, 3 Allen (Mass.) 354; *Laraway v. Larue*, 63 Ia. 407; *Knowles v. Brown*, 69 Ia. 11; *Feliz v. Feliz*, 105 Cal. 1; *Beall v. McMenemy*, 63 Neb. 70; Angell, Limitations (6th ed.) sec. 390.

The decree of the district court is

AFFIRMED.

ROOT, J.

I concur in affirming the judgment of the district court for the reasons following: As I understand the record. Nels A. Renstrom by purchase and by descent acquired title to an undivided twenty-four twenty-fifths part of the real estate. The other one twenty-fifth part vested in Gotfred Anderson, subject to the curtesy estate of his father. Gotfred Anderson is named as a defendant, and if in life, and jurisdiction was acquired over him or his interest in the land, the decree quiets that title in the plaintiffs. Nels A. Renstrom in 1890 conveyed by warranty deed to the plaintiffs' ancestor an undivided twenty-four twenty-fifths interest in this land. In the chain of title preceding this conveyance, some of the deeds describe the entire section, while others, after thus describing the land, recite: "Excepting and reserving in said deed of conveyance an undivided one twenty-fifth interest therein." None of these grantors ever acquired Got-

fred Anderson's interest in the land, so that, whether the deeds purported to convey the quarter section or reserved a one twenty-fifth part thereof, the grantor's title in the land, to wit, an undivided twenty-four twenty-fifths part, was conveyed. The appellant has no title to or interest in this land, is not a tenant in common, and the question of adverse possession does not arise in the case.

The decree of the district court is clearly right, and is properly affirmed.