MAUDE AYNES ET AL., APPELLANTS, V. WILLIAM C. BANTZ ET AL., APPELLEES.

FILED DECEMBER 31, 1925.   No. 23570.

1. Deeds: CONSTRUCTION. A deed conveying lands to "Minerva Flack and unto her children," as in this case, does not limit the estate thus vested in Minerva Flack to one for life.

2. Adverse Possession: SUFFICIENCY OF EVIDENCE. Evidence examined, and held that by adverse possession defendant William C. Bantz became vested with a fee simple title to the land in question.

APPEAL from the district court for Nemaha county: JOHN B. RAPER, JUDGE. Affirmed.

Pitzer & Tyler, for appellants.

Lambert & Hawxby, contra.

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

Plaintiffs brought this suit in the district court for Nemaha county, seeking to quiet title in themselves to 80 acres of land in such county, as children of Minerva Flack, under a warranty deed executed, delivered, and recorded in such county on June 7, 1872. At this date Minerva Flack was without issue born. Upon issues joined, trial was had to the court, resulting in a finding generally in favor of defendants and against plaintiffs, quieting title in fee and right of possession in William C. Bantz, defendant, and dismissing plaintiffs' petition. To reverse this, plaintiffs appeal.

The issues raised by the pleadings necessary for our determination are but two, namely: Did the deed vest in Minerva Flack a life estate with remainder in fee to plaintiffs? If not, are plaintiffs' rights under such deed, if any, barred by the statute of limitations, through the adverse possession of defendant?

The parts of the deed necessary for our consideration are: "That William Cummings and Lydia Cummings, his wife, of Nemaha county, in the state of Nebraska, in consideration of the sum of five hundred dollars in hand paid by Minerva Flack of Nemaha county, and state of Nebraska, do hereby sell and convey unto the said Minerva Flack and unto her children, the following described premises: * * * And we covenant with the said Minerva Flack and her children that we hold said premises by good and perfect title."

Taking up the first issue, it is true as found by the trial court, and as stated by the attorneys at the argument, it would be a useless task to attempt to harmonize the conclusions of text-writers, as well as the diverse holdings of the courts, on the question of the proper construction of such a deed. We have section 5594, Comp. St. 1922, which provides in substance that in construing conveyances of real estate it shall be the duty of the court to carry into effect the intent of the parties as reflected by the whole instrument. Section 5590 provides: "The term 'heirs,' or

other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple." We also have a statute as to descent, which provides that unborn children may inherit, but we are without a statute providing that a fee to land may vest in an unborn child under a deed so worded. The decedent statute was not made applicable to a vesting of title by deed. Deeds are contracts, in the making of which there are two parties present, each striving to get into its provisions that which is to his respective interest or advantage, and, when once signed and delivered, it speaks for itself unless challenged for fraud or mistake, neither of which is alleged in this case, or attempted to be proved.

To hold that such deed vested in Minerva Flack a life estate, as contended by plaintiffs, would be to read into the instrument provisions not placed therein by the parties. The reasoning in the decisions and the conclusions of textwriters holding to the contrary are to us not persuasive. If a life estate was intended there would certainly be something in the instrument indicative of such thought. The trial court was right in holding that the deed did not limit the estate vested in Minerva Flack to one for life.

It is not necessary to, and neither do we, determine whether "unto her children" in such deed are words of limitation or words of purchase, or if words of purchase, there being no child born at the time, whether Minerva Flack took an absolute title, or whether the deed vested in her and the unborn child the title as tenants in common, or whether such tenancy included children afterwards born.

As to the second issue, if plaintiffs or any other person acquired an interest in this land by virtue of this deed, or by or through any one claiming title thereunder or by reason thereof, the record discloses that this action was not commenced until 20 years after the youngest child of Minerva Flack became of age, and 39 years after defendant William C. Bantz purchased the land in question of Minerva Flack and those claiming title through her, by mesne conveyances, and also by assignment of a tax certificate as to one 40

Agnes v. Bantz.

acres of the tract. He made these purchases relying upon the advice of his attorney that he was getting thereby a fee simple title to the entire tract, and it is undisputed that by such conveyances he became vested with the entire estate held by Minerva Flack, and we so find. He immediately entered into the open, notorious, adverse and exclusive possession thereof under such claim of ownership, erecting valuable improvements thereon, such as dwellings, outbuildings, fences, and wind-mills, digging wells, and planting several acres of orchard. He received unto himself the usufruct of the entire tract, paying taxes thereon, purchasing adjoining lands, which became a part of such holdings. All this was done with knowledge on the part of each plaintiff and Minerva Flack. This possession has been of such character as would bar tenants in common, if it were found such existed under the deed, which latter, however, as aforesaid, is not here determined; this, notwithstanding that it takes stronger proof to establish adverse possession in favor of a tenant in common against cotenants than in a case where such tenancy does not exist. The acts of defendant were of such a nature as to necessarily and notoriously disclose on his part a claim of exclusive right and ownership to the premises, and was notice to any person claiming title as a cotenant, or otherwise, of the nature and existence of such ownership.

Furthermore, those different conveyances in no manner recognized the title, or any part thereof, as existent in any other than the parties thereto. This of itself amounts to an ouster, and we so held in *Beall v. McMenemy,* 63 Neb. 70, wherein we said that such a sale of land "by one tenant in common has been held to amount to an ouster of his cotenants," citing *Culler v. Motzer,* 13 Serg. & R. (Pa.) 356. This rule was approved by us in *Wiese v. Union P. R. Co.,* 77 Neb. 40, and *Bohrer v. Davis,* 94 Neb. 367. This adverse possession vested in William C. Bantz a fee simple title to the tract in question.

The judgment of the district court is

AFFIRMED.