JAMES H. LANGAN ET AL., APPELLANTS, V. JAMES E. LANGAN
ET AL., APPELLEES.

280 N. W. 903

FILED JULY 8, 1938. No. 30405.

*F. D. Williams* and *Prince & Prince*, for appellants.

*F. C. Radke, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and BLACKLEDGE, District Judge.

GOSS, C. J.

This action involves only the construction of a warranty deed, executed and delivered June 9, 1915, by James H. Langan and wife in favor of "James E. Langan and his blooded heirs," conveying 200 acres of land in Boone county. On 160 acres of the land the deed recites there was a mortgage of $8,500, "said James E. Langan assuming $4,500 of said mortgage." The action was commenced September 29, 1937, by the adult children of James E. Langan and wife, joined by the wives of such as were married, against the minor children of James E. Langan and wife and against E. H. Luikart, as receiver of the Farmers State Bank of Cedar Rapids, Nebraska, who had foreclosed a mortgage on said land and at judicial sale had bid it in on behalf of

himself as receiver and on behalf of John W. Kern, another defendant. Upon issues joined and upon a trial, the district court held that the deed did not vest any title in the children of James E. Langan; that the words "his blooded heirs" are words of limitation and not words of purchase; and dismissed plaintiffs' petition. Plaintiffs and the unsuccessful defendants appealed.

The deed was written by a banker who was dead at the time of the trial. It is now the contention of appellants that it was the intention of James H. Langan to convey to James E. Langan and to his children, as tenants in common, the 200 acres of land described in the deed, in the face of the fact that the evidence shows that several of those children, who are now parties here, were not born when the deed was made.

The evidence further shows that James E. Langan, the grantee, considered that he was the sole owner in fee simple of the land from the date of his father's deed in 1915 to recent years, by the following facts: (1) He paid the taxes from 1915 to 1933 and paid off the mortgage of $4,500 that the deed recited in 1915 as the part assumed by him. (2) In 1933 he filed suit against his children to quiet title in him as sole grantee. Later that suit was dismissed. (3) In October, 1933, he conveyed the land by quitclaim deed to his wife. (4) In 1935 he and his wife mortgaged the land to Luikart, receiver, as short time security for the agreed compromised amount due Luikart, receiver, on the judgment held by him against said Langan. (5) He made application for a loan from the life insurance company and offered to mortgage this 200 acres as security. (6) He and his wife made application for a loan to the Federal Land Bank and offered the 200 acres as security.

The appellees contend that the intent of the parties to the deed from James H. Langan must be gathered from the words used in the deed itself, unaided by parol or extrinsic evidence; that the term "blooded heirs" is too indefinite and uncertain to permit the identification of any other persons than said James E. Langan as grantees in

the deed; and that therefore the deed vested a fee simple title to the land in James E. Langan, so that, under the evidence, E. H. Luikart, receiver, is the proper successor in the chain of title.

"The term 'heirs,' or other technical words of inheritance, shall not be necessary to create or convey an estate in fee simple." Comp. St. 1929, sec. 76-105.

The intention of the parties to a deed must be gathered from the whole instrument itself. Comp. St. 1929, sec. 76-109; *Aynes v. Bantz,* 114 Neb. 226, 206 N. W. 754.

It was sought by parol evidence to show what the grantor said as to his intent in the deed during the many years he lived after its delivery, to establish a different construction of its meaning than the words of the deed imported. The rule in that respect is as follows: "A grantor cannot, by any act subsequent to the delivery of a deed, invalidate, alter or affect the instrument." *Clarke v. Marconnit,* 119 Neb. 581, 230 N. W. 254.

Having the foregoing principles in mind, and considering the meaning of the rather unusual term "blooded heirs," as inserted by the scrivener in the deed under consideration, it is quite apparent that it does not intend to designate the children of the grantee as tenants in common with the grantee named in person in the deed. If it intended so to name the children of the grantee, it would have used the term "children," because that term is known and understood by all persons and has no technical meaning to one whether a layman or a lawyer. We have to conclude that the word was just used and thrown into his composition artlessly by the scrivener. If it was intended to make grantees the children of the named grantee, it is void as attempting to convey to a grantee not in existence.

The most applicable case that has come to our attention is *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873. To economize space, we quote the syllabus, which itself is long but contains the gist of the case:

"Deed—*Interpretation—Limitation to 'Blood heirs' Void —Estate in Fee Simple Created.* In the premises of a deed

the grantor was described as 'of the first part.' Five persons, who were his children, were named as 'of the second part.' The granting clause granted the land to 'the parties of the second part, their blood heirs and assigns.' The habendum was 'forever.' The covenant of seizin was with 'said parties of the second part.' The warranty was to 'said parties of the second part, their heirs and assigns.' A life estate was reserved to the grantor by a separate clause: *Held:* (1) The intention of the grantor is to be gathered from the four corners of the instrument. (2) The grantor intended to make a present grant of the land to the five persons named as parties of the second part, reserving to himself a life estate. The grantees were to have power to convey, but if no conveyance were made the land was to descend to their blood heirs only. (3) The words 'blood heirs' were words of limitation and not words of purchase. The limitation was void, and the grantees took estates in fee simple and not estates for life."

We derive this rule as applicable to the case at bar: The words "blooded heirs," as used in the deed in the case at bar, were words of limitation and not words of purchase. The limitation was void and the named grantee took an estate in fee simple.

The judgment of the district court is

AFFIRMED.