J. R. HODSON, RESPONDENT, *v.* UNION PACIFIC RAILWAY COMPANY, APPELLANT.

RES JUDICATA—DAMAGES—REMISSION.

1. Plaintiff in this action assigned to H. for the purposes of a suit thereon, his claim for damages against the defendant company for the killing of his horse. H. brought suit, and, in his complaint, stated two causes of action, in two separate counts; the first count being for the value of his own horse, which was also killed by the said defendant, and the second count for the value of this plaintiff's horse, by right as assignee. A general verdict was rendered in favor of H. on both causes, and judgment rendered thereon for one entire sum. Upon the hearing of a motion for a new trial, H. remitted a sum equal in amount to that claimed for plaintiff's horse, and the defendant afterwards paid the judgment. The assignment had been made an issue, and was declared valid. There was no appeal or reversal of the judgment. The defendant herein set up that judgment as a bar to this action. *Held,* that the plaintiff must be regarded as in privity with H. in the

former action, and that he is estopped from again litigating the same claim against the same defendant.

2. If, in an action, a court had jurisdiction to render a judgment, and such judgment has never been reversed or modified, it is binding on the parties and their privies, and conclusive of the questions litigated; and, if the court has misapplied the law as to any question, the judgment must nevertheless stand until corrected in some appropriate way.

3. Where a party obtains a judgment for damages, and voluntarily, without specifying any purpose, remits a part thereof, he abandons his claim to the sum so remitted, and may not afterwards bring an action to recover such sum. Such remission has the effect of crediting the defendant with the amount remitted, on the judgment.

(No. 681.   Decided Jan. 28, 1897.)

Appeal from the Second district court, Territory of Utah. Hon. W. H. King, *Judge.*

Action by J. R. Hodson against the Union Pacific Railway for damages sustained by the killing of a horse. From a judgment for plaintiff defendant appeals. *Reversed.*

*Williams, Van Cott & Sutherland,* for appellant.

*Evans & Rogers,* for respondent.

No briefs were filed.

BARTCH, J.:

This action was brought to recover damages for the negligent killing of the plaintiff's horse by the defendant. It is averred, in substance, that on December 9, 1890, the plaintiff was the owner of a certain mare, of the value of $70, which was negligently killed by the defendant near Layton, Davis county, Utah. After denying the allega-

tions of the complaint, it was alleged in the answer that on or about October 15, 1891, in an action pending in the district court, wherein Thomas H. Hodson was plaintiff and this defendant was defendant, a judgment was duly rendered in favor of said Thomas H. Hodson and against the said defendant for the value of the horse sued for herein, together with damages for another horse, with interest from the time of the killing, and for costs of suit; that said Thomas H. Hodson obtained said judgment for the horse sued for herein as assignee of the plaintiff in this action; that by said judgment it was ascertained and adjudged that said Thomas H. Hodson was such assignee of the plaintiff herein; and that afterwards, in 1891, the defendant fully paid and satisfied said judgment. At the trial of this cause the defendant introduced in evidence, without objection, the record of the former trial, from which record it appears that the same subject-matter herein was in controversy therein, and that the assignment by this plaintiff of his interest in the value of the horse sued for herein to the plaintiff in that suit was made an issue both in the pleadings and proof in that suit, and was submitted to the jury, who returned a verdict in favor of the plaintiff therein, and against the defendant, for one entire sum, including damages and interest, of $281.70, although there were two horses sued for, and there being two separate counts in the complaint,—one for the value of a horse by right of ownership, and the other (being the one in controversy herein) by right of assignee. It further appears from such record that the court entered judgment in favor of the plaintiff therein, in accordance with said verdict, and that, thereafter, upon the hearing of defendant's motion for a new trial, the plaintiff, by his counsel, in open court, remitted from the verdict the sum of $73.05, which was the amount

of the principal and interest for the second cause of action, being the cause on which this suit is founded, and on which the plaintiff has recovered judgment against the defendant for the sum of $91.40 and costs. It also appears that the assignment was made by the plaintiff in this case with the intention that an action should be brought for the value of the horse in question. Such are the pleadings and the material evidence on which the appellant relies to release itself from the obligation created by the judgment in this suit.

The only question which is necessary to be considered on this appeal is whether the former judgment on the second cause of action is a bar to this suit, and operates as an estoppel to another judgment for the same cause of action. We think this must be decided in the affirmative. There is no question that the court in the former suit had jurisdiction to render that judgment, and the judgment has never been reversed or modified. It is therefore binding on the parties and their privies, and conclusive of the questions litigated, even though erroneously decided. The question whether the plaintiff in this suit had assigned his interest in the subject-matter on which the second cause of action in that suit was based, to the plaintiff in that suit, was an issue therein, and the court held that he had assigned his interest. This being so, he cannot now be heard to say that he was not a party to that suit, because, having been represented therein by his assignee, the judgment is just as binding on him as if he had been a party of record. Having litigated his claim in the former suit, and obtained judgment, which has neither been reversed nor modified, he is estopped from again litigating the same claim against the same defendant. To hold otherwise would be to permit a person to assign his claim for the purpose of an action thereon

by the assignee, and after final judgment, unreversed, allow him, if he should desire the experiment, to commence another suit against the same defendant on the same cause of action, to be proved by the same testimony. The law does not recognize such experiments. The plaintiff in this case must be regarded as in privity with the plaintiff in the former, because the judgment establishes the fact of the assignment, whether right or wrong, and identity of the causes of action having been established, and the judgment in the former action having been rendered in conformity with a general verdict on the whole cause, the plaintiff in this action is bound by the judgment in the former, in the absence of a reversal or modification thereof. That judgment is conclusive, not only between the same parties, but also their privies, of every question decided; and, if the court misapplied the law as to any question, the judgment must nevertheless stand until corrected in some appropriate way. Freem. Judgm. §§ 249, 272; Herm. Estop. §§ 107, 108, 247; Black, Judgm. § 609; *Ex parte Hays,* 14 Utah 118; *Dowell* v. *Applegate,* 152 U. S. 327; *Claflin* v. *Fletcher,* 7 Fed. 851; *Godding* v. *Colorado Springs Live Stock Co.,* (Colo. App.) 34 Pac. 942; *Elder* v. *Frevert,* (Nev.) 5 Pac. 69.

The fact that at the hearing of the motion for a new trial in the former action the plaintiff, by his counsel, remitted from the judgment an amount equal to the sum claimed in the second cause of action, is immaterial, and does not militate against the force and effect of the judgment, in the absence of any understanding or agreement between the parties, so far as appears from the record, as to what effect such remission should have. That judgment was an entirety on the whole cause of action, and the remission of a part thereof, without specifying, by agreement or otherwise, for what purpose it was made,

simply had the effect of crediting the defendant with the amount remitted, on the judgment. Where a party obtains a judgment for damages, and voluntarily, without specifying any purpose, remits a part thereof, he abandons his claim to the sum so remitted, and may not afterwards bring an action to recover such sum. This is so as to a person who has in fact assigned a claim for the purposes of an action, as well as to one who is a party of record. If, in the former action, the plaintiff and his assignor did not wish to abide by the judgment as to the second cause of action, they had the right to dispose of such cause, either by withdrawal thereof, or by submission to nonsuit, or in some other proper way, before the judgment was pronounced. Having failed to do so, this plaintiff cannot now be heard to complain. The record shows nothing which entitles him to maintain this suit. The judgment is reversed and remanded, with directions to the court below to dismiss the action.

ZANE, C. J., and HART, J., concur.