MAGGIE HOAGLAND, Appellant, v. FRANK HOAG-
LAND, Respondent.

No. 1371.   (69 Pac. 471.)

**Separate Maintenance: Former Judgment: Effect.**
A judgment for defendant in a suit to compel him to support plain-
tiff and her child (the questions involved being the time and
place of marriage; which, if either, of the parties deserted the
other; when and where such desertion occurred; when the par-
ties ceased to cohabit together; was plaintiff's child by defend-
ant; was the decree of divorce granted defendant in another
State of binding force; laches of plaintiff in delaying proceed-
ings to annul such decree for more than ten years after she
knew it was granted, and after defendant, in reliance on it,
had married another; and the question of alimony and separate
support and maintenance—and all these questions being decided
against plaintiff) is a bar to subsequent suit on the same facts,
although in the meantime the decree of the other State has been
annulled.[1]

BASKIN, J., dissenting.

(Decided July 3, 1902.)

Appeal from the Third District Court, Salt Lake County.—
Hon. W. C. Hall, Judge.

Action for separate maintenance under section 1216, Re-
vised Statutes 1898. From a judgment in favor of the de-
fendant, the plaintiff appealed.

AFFIRMED.

G. M. Sullivan, Esq., and William A. Lee, Esq., for ap-
pellant.

---

[1] Hodson v. Railway Co., 14 Utah 402; Pac. 859; Rio Grande Ry.
Co. v. Telluride Power Co., 23 Utah 22; 63 Pac. 995.

This court in the decision of the former case (Hoagland v. Hoagland), confined its inquiry to the single question before the court, that is, could the judgment of the Colorado court divorcing plaintiff and defendant, be collaterally attacked, and held that it could not.

Plaintiff is now before this court with a case as entirely different from the one she then presented as though she had since been married to the defendant. That was the legal effect of the judgment setting aside the former decree of divorce. Allen v. Maclellan, 12 Pa. St. 328, 57 Am. D. 608.

It is apparent that the question here presented could not have been presented in the former adjudication of this court because the very groundwork, the foundation fact, upon which this case rests did not then exist but has arisen since the former decision became the law of that case.

No question is better settled than that a judgment is not conclusive except upon matters within the issues and necessarily involved in the decision. McCall v. Carpenter, 59 U. S., 18 How. 297; Laird v. DeSoto, 32 Fed. 652; Wash. A. & G. Steam Packet Co. v. Sickles, 65 U. S., 24 How. 333; Aspden v. Nixon, 45 U. S., 4 Howard 467.

A question which could not have been litigated in the former case is not concluded by a final judgment in such case. Stringer v. Adams, 98 Ind. 539.

In order that a judgment may constitute a bar to another suit it must not only be between the same parties or their privies, but it must be upon the same point of controversy. Hughes v. U. S., 4 Wall. 232.

*Messrs. C. F. & F. C. Loofbourow* for respondent.

The effect of a prior adjudication of any particular question has been so often presented to this court, and so often determined by it, that it seems needless to cite authorities upon it. We might content ourselves by citing from the de-

cisions of this court. Hodson v. U. P. Ry. Co., 14 Utah 402; R. G. W. Ry. Co. v. Telluride Power Co., 23 Utah 22, 63 Pac. 995.

But counsel for appellant say that, since the trial of that other case before Judge HILES, and since its affirmance in this court, the county court of San Juan county, Colorado, has made some order affecting the decree of divorce theretofore rendered by that court. Suppose this to be true. The action of that Colorado court could not have any effect directly or indirectly on the judgment of the Utah court which we plead and rely upon in the case at bar, as an estoppel. This adjudication of the Utah court could not be vacated or in any way modified by the action of any court in Colorado, and so long as it stands, it must operate as a complete estoppel in the case at bar regardless of what any Colorado court may have said or done.

### STATEMENT OF FACTS.

In 1897, Maggie Hoagland, the appellant in this case, commenced an action, in the Third district court in this State, against the respondent, praying for a judgment and decree for her separate maintenance and support, under section 1216, Revised Statutes 1898. The complaint states, in substance: That plaintiff and defendant were married in Colorado about the first day of July, 1881, and are still husband and wife. That both parties are now residents of Utah. That, in the year 1883, defendant willfully, and without cause, deserted and abandoned the plaintiff, and ever since has continued to so willfully desert and abandon plaintiff, and live separate and apart from her, without any sufficient reason, and against her will and consent, and for more than five years last past has willfully neglected and refused to provide plaintiff with the necessaries of life, although able to do so. That, from the date of the marriage until the latter

part of 1883, plaintiff and defendant continued to live and cohabit together as man and wife, and that there was born to them a child named Ollie Hoagland, who is now fifteen years of age, and has at all times been under the care of plaintiff. That plaintiff has no separate property, and that defendant has large means. That to suitably maintain plaintiff and her daughter, $100 per month is necessary. The prayer of her complaint is for custody of the child and temporary alimony in the sum of $100 per month; that defendant pay costs and expenses of the action, including her attorney's fees; and that, on final hearing, she have $25,000, or an equitable division of defendant's property. The defendant filed his answer to such complaint to the effect as follows: (1) It admits the marriage of plaintiff and defendant in Colorado about July 1, 1881; that defendant has been a resident of Utah about five years; and that he has not, during that time, provided plaintiff with the common necessaries of life; and denies, either positively or for lack of knowledge or information, all the other allegations of the complaint. (2) For affirmative defense, the answer alleges that about the first of July, 1881, plaintiff and defendant were married in Colorado, and lived and cohabited together as husband and wife about a month thereafter; that about the month of August, 1881, the plaintiff, without the consent of defendant, and against his protest, and without any cause therefor, willfully deserted and abandoned defendant and went away from his abode, and refused to return to the defendant or to live with him as his wife thereafter; that said desertion and abandonment continued from August, 1881, to the time when defendant procured the decree of divorce hereinafter set out; that on the eighth day of March, 1886, after full hearing, the county court of San Juan county, Colorado, granted to defendant a decree of full and absolute divorce from plaintiff, which has never been reversed or annulled, but is still in force, and all claim of plaintiff against defendant has been thereby fully

determined and discharged; that said county court has full jurisdiction of the subject-matter of said action and of both parties thereto. A copy of said decree of divorce is attached, marked "Exhibit A." (3) That plaintiff has been guilty of laches in prosecuting her alleged cause of action; that since the desertion of defendant by plaintiff sixteen years have elapsed, and owing to said elapse of time defendant is put to great disadvantage by loss of evidence and death and absence of witnesses; that, after about ten years from the date of said decree of divorce, defendant, relying thereon, and in good faith, supposing it could not and would not be attacked or questioned, contracted a second marriage, and is now the lawful husband of another woman; that plaintiff, for more than nine years last past, has had knowledge of said decree of divorce, and her claim now made is stale and unconscionable. The prayer is for dismissal, with costs.

The Third district court found the law and facts in favor of the defendant, Frank Hoagland, and against the plaintiff, to the effect: That the plaintiff and defendant were married at the town of Buena Vista, in the State of Colorado, on or about the first day of July, 1881, and resided together at said town of Buena Vista as husband and wife until about the first day of October, 1881, at which said date the plaintiff, Maggie Hoagland, "willfully, and without cause therefor, deserted and abandoned the defendant, and went away from his home, and that the said parties have not lived or cohabited together since that time." That the cohabitation commenced and ended, as alleged, in August or September, 1881, which was more than two years prior to the birth of the child as alleged by the plaintiff. That a decree of divorce was duly granted to the defendant, by the district court in Colorado having jurisdiction of the parties and subject-matter, in March, 1886, dissolving the marriage between the same parties. "That the plaintiff, Maggie Hoagland, has had actual knowledge of the existence of said decree of

divorce ever since the year 1888, and no proceeding was ever instituted or prosecuted by her to review or reverse or set aside the decree of divorce so entered against her, but the same still remains in full force as a valid and subsisting decree. That the defendant, Frank Hoagland in the year 1896, in good faith, and in reliance upon said decree of divorce, contracted a second marriage, and is now the lawful husband of another woman. As conclusions of law from the foregoing facts, the court finds that the equities in this case are with the defendant; that the plaintiff has been guilty of laches, and is not entitled to recover anything upon her complaint herein; and that her said complaint should be dismissed at her cost. Upon the issues herein joined, and the findings of fact and conclusions of law aforesaid, it is now adjudged and determined by the court that the plaintiff take nothing by her complaint herein; that her said complaint be, and the same is, hereby dismissed; that all the issues herein presented be, and they are, adjudged in favor of the defendant; and that the plaintiff have her costs herein incurred and taxed up to time of judgment." This judgment was subsequently affirmed by this court holding that the Colorado judgment was valid in this State. See Hoagland v. Hoagland, 19 Utah 103, 57 Pac. 20. The present action was commenced in June, 1900, by the same plaintiff, against the same defendant, upon the same cause of action, in Salt Lake county, in this State, and substantially the same facts are alleged as were set forth in the complaint in the said former action. The defendant set forth the same defense and state of facts as were set forth in the former action, and also set forth the divorce proceedings and decree in Colorado, and also the proceedings and decree in favor of the defendant in the said former action in this State, for the same cause of action, as a bar to the plaintiff's recovery in this action, and as an estoppel by judgment. To this answer and cross-complaint, the plaintiff replied by pleading that the decree of divorce,

as formerly granted to the plaintiff in Colorado in 1886, had been set aside and annulled by the court granting it. It appears that the parties are the same, and that the cause of action and proofs are substantially the same, in both actions, except as to pleading the vacation of the Colorado judgment and the bar of the prior judgment of the Utah court referred to.

MINER, C. J., after stating the facts as above, delivered the opinion of the court.

It is conceded that the only question for consideration in this case is whether or not the plaintiff, Maggie Hoagland, is barred from prosecuting this action against the defendant, Frank Hoagland, by reason of the findings and judgment against her, of the Third district court of Utah, in the former action commenced in 1897, after the decree for divorce in Colorado had been set aside and annulled. Counsel for the appellant rely upon the single fact that the judgment rendered in Colorado in 1886, dissolving the marriage between the said parties, has, since the said hearing and decision by the courts of Utah in 1897, been annulled and set aside by the Colorado court in a direct proceeding therein, and that this fact restores the marital relation of the parties, and places them in the same situation they were in before that decree of divorce was granted, notwithstanding the judgment of the Utah court denying the plaintiff alimony and support under section 1216, and holding the Colorado judgment valid in Utah. We do not fully concur in this contention, on the part of the appellant, as to the effect of the Utah judgment. The proceeding in the State of Colorado was commenced to procure a decree of divorce. A decree was granted to the defendant in 1886, and subsequently annulled in 1900. The proceeding commenced in Utah by the plaintiff in 1897 was a special proceeding, brought under section 1216, Revised Statutes, to compel the defendant to maintain and support

plaintiff and her child, and for alimony and expenses attend-
ing said suit. Clearly, this was not a proceeding to obtain
a divorce or to annul the marriage. The questions involved
in this proceeding were: The time and place of the mar-
riage; which, if either of the parties, deserted the other, and
when and where such desertion occurred; when the parties
ceased to cohabit together; was the plaintiff's child begotten
by the defendant during the time they lived and cohabited
together, or after such relation had ceased; was the decree of
divorce granted in Colorado of binding force; laches on the
part of plaintiff in delaying proceedings to annul the said
decree for divorce for more than ten years after she knew
it was granted, and after the defendant in reliance upon such
decree had married another woman; and the question of
alimony and separate support and maintenance, under the
statute, and costs of the proceeding. These questions, thus
arising, were all decided against the plaintiff, and her bill
of complaint was dismissed. This adjudication was between
the same parties, and was based upon substantially the
same allegation of facts, substantially the same evidence
and cause of action, as the present case. Such adju-
dication by the courts of this State, in the former case,
has not been vacated, modified, or set aside in any manner
by the courts of this State, but still stands in full force and
effect. In Wilson's Ex'r v. Deen, 121 U. S. 525, 7 Sup. Ct.
1004, 30 L. Ed. 980, it was held that a judgment rendered
on the merits in an action in a court of record is a bar to a
second suit, between the same parties, on the same cause of
action; and, when the second suit involves other matters as
well as matters in issue in the former action, the former
judgment operates as an estoppel as to those things which were
in issue there, upon the determination of which the first judg-
ment was rendered. Rio Grande W. Ry. Co. v. Telluride
Power Transmission Co., 23 Utah 22, 63 Pac. 995; Hodson
v. Railway Co., 14 Utah 402, 47 Pac. 859, 60 Am. St. Rep.

902; Grant v. Ramsey, 7 Ohio St. 158. The fact that the decree for divorce rendered by the Colorado court has since been set aside by direct proceeding in that court in no way affects the validity or integrity of the said judgment rendered in the Third district court of Utah in 1897, denying the plaintiff any right to alimony, maintenance, and support from the defendant under section 1216, Revised Statutes, and dismissing her complaint, wherein the facts hereinbefore stated were set up as a cause of action or ground of defense upon which recovery was sought or opposed. Whether the Colorado judgment was valid or could be collaterally attacked was not the only question involved and decided in that case. A judgment by the courts of Utah could not be vacated, modified, or cancelled by the action of the Colorado court, and, so long as such judgment in the former case stands unreversed, it operates, when unrevoked, as an estoppel in Utah to the proceedings in the case at bar. This must be so, as the powers of the two jurisdictions are distinct and separate; neither having control nor supervision of the judgments or decrees of the other. The record of the former suit, and judgment by a court of this State having jurisdiction of the parties and subject-matter on the same cause of action, must be held to be a bar to this proceeding, based upon the same issue, so long as such judgment stands unchallenged and unreversed by the courts of this State. The judgments and decrees of the courts of one State can not be reversed and rendered ineffectual in that State by the decrees or judgments of the courts of another State or foreign jurisdiction.

We find no reversible error in the record. The judgment of the district court is affirmed, with costs.

BARTCH, J., concurs. BASKIN, J., dissents.