235 P.2d 529

**WISE v. WISE.**

**No. 5397.**

Supreme Court of New Mexico.

Sept. 8, 1951.

Shipley & Shipley, Alamogordo, for appellant.

E. E. Chavez, Wm. B. Darden, Las Cruces, for appellee.

COMPTON, Justice.

Appellant instituted this proceeding for divorce and for the custody of the minor children of the parties.

Previously, the California court, in an action brought by appellee alleging cruelty, granted an interlocutory decree of divorce and awarded custody of the children to the father but subject to reasonable visitations by the mother. Thereafter, at a hearing to modify the decree, the court directed that the mother should have the children during the summer. The mother came to Alamagordo and established residence near her parents, where she now resides. The maternal grandmother went to California and, pursuant to an agreement between the parties, brought the children to Alamagordo for a thirty-day visit. They were not returned as promptly as agreed and the father came to Alamagordo and attempted to forceably return them to California; whereupon, appellant immediately instituted suit for divorce charging incompatibility and for custody of the children, alleging that by reason of changed circumstances and conditions occurring subsequent to the California decree, it was to the best interest of the children that their custody be awarded to her. Upon motion, the court entered an order restraining appellee from removing the children from New Mexico and awarded their custody temporarily to appellant. Thereafter, appellee moved for a dismissal on the ground that the court was without jurisdiction and the court, being of the opinion that the California decree, though interlocutory, was a bar to her action here, entered an order dismissing appellant's cause of action, from which this appeal is prosecuted.

The questions presented are now moot, the California decree having become final since the entry of the order of dismissal. The provision of the Federal Constitution, Article 4, Section 1, requiring full faith and credit be given to judicial proceeding of a foreign state, is controlling.

At 3 Freeman on Judgments (5th Ed.), Section 1394, the author announces the rule as follows: " * * * But generally a judgment on the merits in one state will bar another action on the same cause of action in a sister state. If actions are simultaneously pending upon the same cause of action in different states, a judg-

ment in either will bar the further prosecution of the other. This rule is inflexible, and yields to no circumstance of hardship or inconvenience. Its application is not averted by the pendency of an appeal, in some jurisdictions, nor by the fact that the defendant has property in the state where the action is still pending, but none in the state where judgment has been given."

See also, among other cases cited to the foregoing text, Hoagland v. Hoagland, 25 Utah 56, 69 P. 471; Sill v. Kentucky Coal & Timber Development Co., 11 Del.Ch. 93, 97 A. 617, and Moss v. Ingram, 246 Ala. 214, 20 So.2d 202.

It follows that the cause should be dismissed. And it is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COORS, JJ., concur.