HOME DEVELOPMENT CO. v. HANKINS.

No. 31606. May 15, 1945.

Rehearing Denied July 3, 1945.

*159 P. 2d 1013.*

B. B. Blakeney and J. R. Blakeney, both of Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, of Oklahoma City, for defendant in error.

WELCH, J. In this action commenced in 1942 the plaintiff, Hankins sought and obtained judgment quieting his title to four certain lots in Oklahoma City. The defendant, Home Development Company, a corporation, resisting the action, claimed superior title, and prosecutes this appeal.

Plaintiff's claims are founded on a resale tax title and a former judgment. Essential facts are the county treasurer sold the lots at tax resale in 1929 to plaintiff's predecessor in title, one Belfort, who in the same year conveyed to one Solberg. There was proper prior annual delinquent tax sale to the county. In addition, there had been an annual delinquent tax sale to the county in November, 1917, for 1916 taxes, and certificates issued therefor by the county treasurer on November 5, 1917. These certificates were probably intended to show that such sale was made only for delinquent paving taxes, but the certificates were not correctly written to so show. We make the latter statement from an examination of the certificates shown in the record by photostatic copies. Each certificate showed the total amount of tax involved, but in the columns provided to show whether the tax was "paving" or "grading" or "ad valorem" nothing was written, all columns were left blank. Though at the extreme top of the form at a place prepared only to show the year of the sale and the year's taxes for which sale was made, there was added in pen or pencil the word "paving," and again at another point in the form prepared only to show the amount of tax and penalty involved, there was inserted in pen or pencil the same word, "paving." There had been an old paving assessment made in 1910 with annual installments assessed for ten years, 1910 to 1919, and apparently only the first two of such installments were paid.

At any rate, following the 1929 resale there was evidently some confusion as to what former delinquent taxes were canceled by that resale; or as to whether some former delinquent taxes and former tax sale certificates remained outstanding and unaffected by the 1929 resale. No tax sale certificates had been assigned by the county to anyone up to that time. So in October, 1929, the aforesaid Solberg filed suit in district court to quiet his title based on his deed from Belfort, the immediate purchaser at the 1929 resale. Parties named as defendants and served by summons and by publication included for-

mer owners and heirs and the county treasurer and county commissioners. No appearance was made by any defendant except the county treasurer and the county commissioners, who appeared by the county attorney and assistant county attorney.

Upon final trial in 1930 the court found for the plaintiff on his contention that all delinquent taxes for 1927 and prior years were canceled by the 1929 resale, and judgment was rendered expressly so adjudicating, and decreeing all such back taxes to be canceled, and requiring the county treasurer to so show on his tax records, and permanently enjoining the county treasurer and his successors in office from ever attempting to collect any such back taxes, and quieting plaintiff's title free and clear of all encumbrances of whatsoever nature.

Plaintiff and his predecessors in title were in possession continuously from and after the resale in 1929 and the aforesaid judgment in 1930. Plaintiff's title seems not to have been questioned or in any manner invaded until in 1941 and 1942. In 1941 the county treasurer assigned to defendant, Home Development Company, the old 1917 tax sale certificate and indorsed thereon a sum stated as paving tax for several other years, 1912 to 1919. In that transaction both the county treasurer and the defendant seem to have ignored and acted in the face of the Solberg judgment of 1930. In 1942 the defendant obtained a certificate tax deed from the county treasurer, again both the treasurer and defendant acting in defiance of the terms of the 1930 judgment, though that judgment had not been appealed from or in any way attacked.

Thereafter plaintiff commenced this action in 1942, and the controlling question is whether the plaintiff may prevail on his 1939 resale deed and the aforesaid former judgment, or whether in the face of the judgment the defendant could purchase as he did in 1941 and 1942.

The trial court found all issues for plaintiff.

Defendant for reversal presents several contentions included in the propositions: (1) that plaintiff's resale tax deed is invalid for irregularities in procedure, and (2) that the Solberg judgment of 1930 constitutes no estoppel or bar to the defendant's acts in 1941 and 1942.

We consider the second proposition, for if the 1930 judgment does constitute an estoppel and bar, that is controlling.

The Solberg judgment in 1930 on its face adjudicates plaintiff's resale deed to be valid and enjoins the county treasurer from ever attempting to collect any of said back taxes and bars and enjoins all persons claiming by, through, or under the county treasurer from ever asserting any right, title, or interest in the lots.

The pertinent portion of the journal entry or judgment is as follows:

"The court further finds that the plaintiff is the owner in fee simple and is in actual, open, notorious and peaceful possession of the real estate described in the plaintiff's petition, located in Oklahoma County, State of Oklahoma, to wit: (description omitted) and that the defendants and each of them have no right, title or interest in or to the said real estate and the 1927 and all prior taxes thereto have been cancelled and extinguished including outstanding individual and county tax sale certificates for reason the property having been sold in the 1929 resale.

"Wherefore, judgment is rendered against the defendants and each of them that they have no right, title or interest in or to the said real estate and that the 1927 and all prior taxes thereto are hereby cancelled and the defendants, Paul Huston, County Treasurer of Oklahoma County, State of Oklahoma, is hereby required and directed to note upon the tax rolls and the sale records in the office of the County Treasurer of Oklahoma County, State of Oklahoma, that the 1927 and all prior taxes thereto cancelled by or-

der of this court and the said defendants, Paul Huston, County Treasurer of Oklahoma County, State of Oklahoma, and Board of County Commissioners of Oklahoma County, State of Oklahoma, and their successors in office are hereby perpetually barred and enjoined from ever attempting to collect any of the said taxes and all the defendants and all persons claiming by, through or under them are hereby perpetually barred and enjoined from ever asserting any right, title or interest in or to the said real estate and that the plaintiff is the owner in fee simple free and clear of all incumbrances of whatsoever nature."

That judgment became final and is not attacked for fraud or collusion.

The defendant says that the judgment is void as concerns the matter of taxes and insofar as it perpetually enjoins the county treasurer from attempting to collect taxes for 1927 and prior years, "because no party was made defendant that could release the tax or satisfy the special liens."

Defendant says further in that connection:

"The administrative duties of the officials are alone subject to judicial supervision. But as no official can release a tax, he cannot be ordered to do so by any court. If it has been paid he may be ordered to show such fact, but if not paid he cannot release it and is not a proper party in a suit to cancel same."

—and further:

" . . . The proper party is the owner of the improvement bonds for payment of which the tax was imposed. The lienholders are necessary parties to any action seeking to release the lien."

It was the position of Solberg in that suit that all prior taxes had been paid or canceled by means of resale. We think that one who claims that a tax has been paid or otherwise fully discharged, and which claim is disputed by the person charged in law to enforce payment thereof, may have a remedy by suit to have an adjudication of such disputed question of fact and to have the tax records to show such payment, cancellation, or discharge. The county treasurer is the official and exclusive tax collector of the present character of tax and the keeper of the records of payment and the only person with duty or authority to accept and show payment, or to note cancellation or discharge. We think he is a proper party where such issue is made. Shnier v. Vahlberg, 188 Okla. 471, 110 P. 2d 593, and Monsour v. Vahlberg, 188 Okla. 476, 110 P. 2d 595. All questions affecting title may be litigated in an action to quiet title. Baker v. Leavitt, 54 Okla. 70, 153 P. 1099.

But defendant urges the judgment would not be binding on the bondholders, referring to some cases wherein it has been stated that bondholders have a lien, and cases wherein it has been held that bondholders have certain interests sufficient to sustain certain rights or causes of action. We have no need here to discuss such matters, the defendant does not appear herein as a bondholder.

The defendant here is a claimant of title, and from the same source as the title claimed by plaintiff, the county treasurer of Oklahoma county, and through the same process as plaintiff claims—the general tax collection laws. Defendant asserts title through the county treasurer of Oklahoma county, who was a party to the former suit and judgment, and was therein specifically enjoined from ever attempting to collect the taxes entered on the certificate which defendant purchased. That judgment was fully of record and defendant is chargeable with full notice and knowledge thereof. It is difficult to see any reason why defendant is not in privity as assignee and grantee of the treasurer and why defendant is not barred by such judgment. 30 Am. Jur. Judgments, 225.

It is further claimed that the district court was without jurisdiction or power to render the judgment it did render in

favor of Solberg in the former action.

Insofar as we need note herein, the issues presented to the court there were whether this land had been legally sold to plaintiff's grantors at resale and whether the manner of sale operated as payment or legal cancellation of prior taxes. Those issues presented questions of fact which we must presume were found in favor of plaintiff, the judgment roll reflecting nothing to the contrary. The defendant will not herein be heard to offer proof to the contrary.

It has been expressly held that the force of a former judgment as an adjudication of the rights of the parties thereto and those in privity with them are not affected by the fact that the former judgment was undoubtedly erroneous. People v. Holladay, 93 Cal. 241, 29 P. 54. And that if the court had misapplied the law as to any question the judgment must nevertheless stand until corrected in some appropriate way. Hodson v. Union Pacific Ry. Co., 14 Utah, 402, 47 P. 859. See, also, American Express Co. v. Mullins, 212 U. S. 311, 53 L. Ed. 525, and Florentine v. Barton, 2 Wall. (U.S.) 210, 17 L. Ed 783.

That judgment in favor of Solberg and against the defendants above referred to was solemnly entered in district court, a court of general jurisdiction.

The parties and subject-matter were within the court's jurisdiction. The judgment related to the specific issue presented for determination. Apparently full reliance was placed on the judgment by plaintiff here who purchased subsequently. Then eleven or twelve years later the treasurer, who was a party to the judgment, and the defendant up to that, time a third party, joined together to do that which was specifically inhibited and enjoined by the judgment. It would seem a severe blow to the orderly administration of justice if such a judgment, even though erroneous, could be so ignored by a party to it and another who came into privity, charged with full notice.

It is upon such action that defendant's asserted title is founded. It seems the trial court readily concluded the defendant could not so prevail. It seems equally clear we should affirm, resting our decision on the binding finality of the judgment in the former action; not determining between these parties whether or wherein that judgment might have been in error; but holding that a party to such a judgment and his privy cannot thus lay it aside and put it at naught as if to blot it out by their own violation of the adjudicated terms of it.

Our conclusion above shown renders it unnecessary to consider other questions presented in the briefs.

Affirmed.

HURST, V.C.J., and OSBORN, BAYLESS, and CORN, JJ., concur. RILEY, J., concurs in conclusion. GIBSON, C. J., and ARNOLD, J., dissent.