SCHULTZ v. EVANS et al.

No. 33938. March 6, 1951.

*228 P. 2d 626.*

Cress & Rosser, Perry, for plaintiff in error.

W. D. Greenshields, Ponca City, for defendants in error.

JOHNSON, J. The defendants in error, Clara M. Evans, William Newton Evans, Clarence Emery Evans, Sherman Edgar Evans, Lawrence Walter Evans, James Oris Evans, Bessie K. Alling, Palmer Alling, Charles Alling, Hazel Alling, Andrew Jackson Evans, Fred W. Evans, Augusta Evans, Delmar Lee Evans, Julia Evans, Emory El Alling, Walter E. Alling, and Bank of Commerce, Tonkawa, Oklahoma, secured a judgment against the plaintiff in error, Richard Schultz, setting aside a resale tax deed, determining the heirs and quieting title in them to the following described property located in Noble county, Oklahoma, and described as follows:

"The Northeast Quarter (NE¼) of Section Ten (Sec. 10), Township Twenty-four North (Twp. 24N) Range One West (R. 1W), containing 160 acres more or less."

The parties here occupied reverse relative positions in the trial court, and hereafter they will be referred to as they there appeared.

The plaintiffs alleged, in substance, that they were the owners in fee simple of the above described realty by reason of their inheritances from the record owner thereof, J. C. Evans; that defendant, Richard Schultz, claims title to said property through a resale tax deed issued to him by the county treasurer after the 1939 tax resale held on the 20th day of April, 1939; that the 1939 resale was based upon delinquent ad valorem taxes for the years 1932 and 1935, a part of which had been paid; that at the time of the resale and the execution of the resale tax deed, the record disclosed that one B. B. Alsop had secured a tax certificate by assignment from the county treasurer covering delinquent ad valorem taxes for the year 1936 only, and that for the year 1937 the certificate holder, B. B. Alsop, paid the 1937 taxes, which were endorsed on his tax certificate, the total amount for both years being $139.59; that it was the duty of said treasurer to include the full amount due on the certificate when the property was offered for resale; that by reason thereof the resale was void.

It was further alleged that J. C. Evans, from time to time when he went to pay the taxes, inquired of the county treasurer if all taxes had been paid and was advised that there were no taxes due and was thereby misinformed in that the taxes for 1932 and 1935 and the amount due B. B. Alsop on his tax certificate for the years 1936 and 1937 were all outstanding; and, but for the aforesaid reason said sums would have been paid. Therefore, said sale was invalid; that said resale tax deed is further invalid for the reason that the county treasurer refused to accept said sums from said J. C. Evans necessary to pay said taxes represented by said tax certificate, and from year to year prior to the resale, the said J. C. Evans paid all the taxes represented to be due on said property and would have redeemed said property from the lien created by the tax certificate of B. B. Alsop had he been permitted to do so by said county treasurer; that said sale and resale were invalid because the property was illegally assessed and not sold for the

amount of taxes, penalties, interest and costs authorized by law in that for the years 1932 and 1935 the property involved was carried on the tax rolls in the name of J. C. Evans et al. and the Gypsy Oil Company as follows:

"J. C. Evans, et al, part NE¼ 10-24N. 1W, 149 acres; Gypsy Oil Company, part NE¼ 10-24N, 1W, 11 acres;"

Plaintiffs further alleged that the delinquent tax sale held on November 6, 1933, shows that part of the N.E.¼ 10-24N. 1W. was sold to the county for 1932 taxes, and resold at the 1939 tax resale; that this property was assessed as aforesaid; that in the 1939 tax resale said property was described in the notice of sale as a full 160 acres in the following language:

"J. C. Evans, NE¼ Sec. 10, Twp. 24, Rge. 1W; 1932 and 1935; total del. $240.97; total due $257.35."

and sold as N.E.¼ Sec. 10, Twp. 24, Rge. 1W. for $257.35.

Plaintiffs tendered the amount of taxes, interest and costs and further alleged that for the aforesaid reasons said purported sale, resale and resale tax deed based thereon were void.

Demurrer being overruled, the defendant answered, asserting that he was the owner of the property involved by virtue of a good and valid resale tax deed obtained through the 1939 tax resale; that plaintiffs have no right, title or interest in the property and that his title should be quieted; that the issues involved have been fully adjudicated in the district court of Noble county, Oklahoma, in case No. 5977, Richard Schultz v. Del Evans, in favor of the defendant, particularly as to the one-sixth interest of the defendant in that case, Del Evans, or Delmar Lee Evans, who is one of the plaintiffs in this case.

Upon the issues thus joined, the case was tried to the court which found generally in favor of the plaintiffs and against the defendant, canceling the resale tax deed and quieting title in plaintiffs.

After unsuccessful motion for a new trial, defendant appeals.

The contention of defendant that the issues involving the subject matter in the case at bar had been adjudicated in a former action by defendant against Del Evans, or Delmar Lee Evans, who was the only defendant therein, and one of the plaintiffs herein, is, we think, correct.

The record in the cause asserted as a former adjudication discloses that the petition alleged that Richard Schultz (plaintiff) was the owner of and entitled to the immediate possession of the lands involved by virtue of a resale tax deed attached to and made a part of the petition; that Del Evans (defendant) was in possession and claiming some right, title or interest in said property; that he was entitled to have his title quieted and recovery of possession of said property from the said Del Evans; that an answer and cross-petition was filed to said petition by Del Evans wherein he denied all the allegations of the petition, asserted his ownership of a part interest in the property, and raised numerous objections as to the validity of the notice of tax sale, tax sale, tax resale and resale tax deed based thereon.

Upon trial of the cause, the court found generally in favor of Richard Schultz (plaintiff) against Del Evans (defendant) quieting his title and granting him recovery of possession of the property involved by writ of assistance. No appeal was taken from this judgment.

Unquestionably, the trial court had jurisdiction over the subject matter and all persons having an interest therein who had been made parties thereto. Thus, the rule announced in Home Development Co. v. Hankins, 195 Okla. 632, 159 P. 2d 1013, is applicable to the facts herein as to Delmar Lee Evans or Del Evans, but not as to the other interested persons not parties thereto. There, in the second paragraph of the syllabus, it was said:

"The purpose of an action to quiet title, under the statute, is to determine who is the real owner of the property and to put to rest all adverse claims. In such an action all matters affecting the title of the parties thereto may be litigated and determined, and the judgment rendered therein is final and conclusive as against the parties thereto and their privies. 12 O. S. 1941 §1141."

The next contention of the defendant is that he acquired his title through a valid resale tax deed through purchase at the 1939 tax resale.

The record discloses that this property was assessed and on the tax rolls for the years 1932 and 1935 in the name of J. C. Evans et al., part NE¼ 10-24 N. 1W., 149 acres; Gypsy Oil Company, part NE¼ 10-24N. 1W, 11 acres. It is not disclosed what part of the acreage, if separately owned, belonged to the different owners; and their separate taxable interests in the 160 acres cannot be ascertained from the county treasurer's record. The record also discloses that the Gypsy Oil Company, on June 20, 1933, paid the 1932 taxes in the sum of $12.34 on the "Gypsy Oil Company, part of the NE¼ 10-24N. 1W, of 11 acres," but does not show on what part of the NE¼ the amount was applied, or how such amount was determined. The record further discloses that the property was advertised in notice of resale as "J. C. Evans; NE¼, Sec. 10. Twp. 24, Rge. 1W; 1932 and 1935 taxes; total del. $240.97; total due $257.35," and the county treasurer's resale tax deed discloses that the "NE¼ Sec. 10, 24 N, 1W" (full 160 acres) was bid in and sold to Richard Schultz for $257.35.

Defendant contends that these discrepancies are insufficient to invalidate the resale tax deed, and to sustain this contention cites and relies upon Baldwin et al. v. Gillaspie et al., 197 Okla. 175, 169 P. 2d 204, and cases cited therein.

The Baldwin case, supra, is readily distinguishable from the instant case. There, in the opinion, it was said:

" . . . Here we are concerned with a small deficiency in the amount of penalties and costs, which, if it exists in fact, is due to a slight clerical error in computation of such penalties and costs. The error, if it exists, was but an irregularity and cured by the provisions of the statute above cited. (68 O. S. 1941 §432h.) Such trivial, unintentional errors in computation would not affect a resale otherwise valid in any event."

In the instant case it cannot be said that the error was clerical and unintentional or that the resale was otherwise valid. Here the record admittedly discloses that the Gypsy Oil Company paid $12.34 taxes on an undivided portion of said property for 1932; that the property was assessed in the name of J. C. Evans et al. and the Gypsy Oil Company for the years 1932 and 1935 and advertised for sale for delinquent taxes for said years at the 1939 resale in the name of J. C. Evans, showing the amount delinquent as $240.97, but showing the amount due as $257.35, the sum bid and paid for the property by the defendant, which included the amount paid by Gypsy Oil Company on the property for 1932 taxes. Under these admissions the presumptions in favor of the validity of the resale tax deed disappeared. It was not an error in computing the amount of penalties and costs, but the inclusion of an amount in excess of the taxes, penalties, interest and costs authorized by statute, which constitutes an illegal tax and vitiates the sale and renders the resale and deed based thereon invalid. 68 O. S. A. §432 et seq.; Young, Trustee, v. Boswell et al., 191 Okla. 680, 134 P. 2d 592.

In the Young case, supra, it was held that where the amount of taxes for which the land was advertised to be sold was erroneously computed to be 60 cents in excess of the amount actually due, because of failure of officials to make reduction in original levy when a portion thereof had been declared illegal by judgment of the Court of Tax Review, resale tax deed was invalid. In the opinion it was said:

"We are not concerned with a slight clerical error in computing the amount of the tax, involving only a trivial amount, but are here concerned with an illegal tax. . . ."

In Whitehead, et al. v. Garrett, 199 Okla. 278, 185 P. 2d 686, it was held that notice of resale of lands for non-payment of taxes was fatally defective for including all taxes assessed for year, when last quarter thereof was not delinquent at date of first publication of notice of resale, and the resale and deed based thereon were invalid, notwithstanding that taxes for the last quarter were only 53¼ cents.

The Whitehead case was approved and cited in Lucas v. Lively, 202 Okla. 313, 213 P. 2d 459.

Having reached the above conclusions, we deem it unnecessary to consider other contentions of the parties herein. Therefore, as to the interest of the plaintiff, Delmar Lee Evans, the cause is reversed and remanded, with directions to render judgment for the defendant, and, as to the other plaintiffs, the cause is affirmed.