Mrs. E. E. TEDDER et al., Plaintiffs in Error,

v.

Josie Margaret McCRORY et al., Defendants in Error.

No. 38645.

Supreme Court of Oklahoma.

March 22, 1960.

Wilson Wallace, Ardmore, for plaintiffs in error.

Geo. N. Otey, T. G. Johnson, R. Rhys Evans and Joe B. Thompson, Ardmore, for defendants in error.

BERRY, Justice.

In this action, which was filed November 11, 1955, defendants in error who were plaintiffs below, seek to quiet their title to the E/2 SE/4 Sec. 23, T. 5S, R. 1W, Carter County, Oklahoma, against plain-

tiffs in error who were defendants below, and others.

The pertinent facts are that in 1913, T. R. Tedder acquired the above described land. He died intestate in November, 1918. His surviving heirs at law were his surviving spouse, E. E. Tedder, and eight children whose names and ages at the time of his death were Robert, 16; Eddie, 12; Edna, 12; Winnie, 11; Cora, 9; Ray, 6; Claude, 3; and Eldon, 2. The children will be referred to herein by their first names.

In an action involving only the heirs at law of T. R. Tedder, the District Court of Carter County, by judgment under date of April 28, 1921, determined the heirs of T. R. Tedder to be those above named, and partitioned the land by distributing the S/2 SE/4 SE/4 thereof to Mrs. E. E. Tedder and the remainder in equal parts to the above named children.

In 1927 the land was sold to Carter County for delinquent 1923 and 1924 ad valorem taxes. On August 11, 1928, the land was resold by said County to J. F. McCrory. J. F. McCrory recorded his resale tax deed August 13, 1928. Within a short time after the resale deed was recorded J. F. McCrory went into possession of the land and he and his successors in title have since remained in possession of the land. The plaintiffs in error contend that the referred-to tax sales were void and defendants in error contend that same were valid. Defendants in error contend that under applicable statutes they gained prescriptive title to the land by adverse possession. Plaintiffs in error contend that because of Claude's disability arising from minority and military service in the Armed Forces of the United States the statutes upon which defendants in error base prescriptive title are inapplicable.

On August 7, 1929, J. F. McCrory filed an action to quiet title to the land, which action was numbered 17135 in the District Court of Carter County. In so far as material to this action, the defendants named in said action were Mrs. E. E. Tedder, Eddie, Winnie, Cora, Ray, Claude and Mrs.

E. E. Tedder as guardian of the then-minor children of T. R. and E. E. Tedder. Personal service of summons was had on each of the above named defendants. On November 16, 1929, default judgment was rendered in favor of J. F. McCrory quieting his title as to all defendants named in the action. This judgment was unappealed from and was not attacked until the plaintiffs in error made an attack thereon in their answers and cross petitions filed in this case. It is not contended that the judgment is void on the face of the judgment roll, and the only grounds urged by plaintiffs in error for relief from said judgment is the asserted disability of Claude which is based upon minority and service in the Armed Forces and the fact that the tax sale proceedings were void. Defendants in error plead and contend that said judgment is binding upon plaintiffs in error.

Mrs. E. E. Tedder died intestate in 1941.

Prior institution of the instant action, and at a time when they had reached majority, Edna, Robert and Eldon conveyed their interest in the land in controversy to Josie and Montie Ray McCrory. The remaining five children claim to own an undivided 1/8th interest each in said land as the heirs at law of their parents, which interest was asserted in answers and cross petitions that they filed below.

The trial court entered judgment for defendants in error quieting title to the land, thus denying the claims asserted to the land by said five children. From order denying their motion for new trial, plaintiffs in error appeal.

The substance of said five children's contention of error on the trial court's part is this: The proceedings under which the land was sold and resold for delinquent ad valorem taxes are void; that limitation statutes and statutes limiting the time within which a judgment against a minor may be attacked upon his reaching majority are inapplicable because of Claude's disability resulting from minority and service in the Armed Forces of the United States from

the time that judgment was entered in No. 17135 to time judgment was entered in the instant case.

Claude was born August 16, 1915. He, while a minor, enlisted in the Armed Forces of the United States on March 13, 1936 and thereafter remained a member of said Forces. He was first assigned to foreign service in 1939 and returned to the United States in 1944. He was also assigned to limited foreign service in each of the years 1947 to 1955, inclusive.

Claude takes the position that "The Soldiers and Sailors Civil Relief Act" of 1918 (40 Stat.L. 440), continued in effect until similar acts were enacted in 1940 and 1942 (54 Stat.L. 1178, 56 Stat.L. 769, 50 U.S.C.A. Appendix, § 501 et seq.) and for said reason the provisions of the first referred-to Act applied to him from date of his enlistment in 1936 to date of the enactment of subsequent Acts of the same purport. The other four Tedder children contend that since there could be no adverse holding as to Claude because of his disability there could be none as to them. We are unable to agree with either contention.

It was provided in part in the first referred-to (1918) Act that the "Act shall remain in force until the termination of the war, and for six months thereafter". World War I terminated long before Claude's enlistment in 1936 and since the 1940 Acts did not act retroactively, he did not enjoy the benefits of either of the three Acts from date of enlistment until in 1940. See Easterling v. Murphey, Tex.Civ.App., 11 S.W.2d 329 and cases cited in annotated notes appearing at page 294, 26 A.L.R.2d.

Claude reached majority August 16, 1936. This means that he reached majority more than three years preceding enactment of the 1940 Act. Upon reaching his majority he, under the facts of this case, had no more than two years within which to seek relief from the judgment because of his minority at the time same was rendered. See 12 O.S.1951 §§ 94 and 700. In view of the fact that Claude, and for that matter none of the other Tedder children, sought relief from the judgment in No. 17135 within the time provided in the cited statutes, the statutes are without probative effect and the judgment so rendered in No. 17135 serves as a bar under the doctrine of res judicata to the claims here asserted by the five Tedder children. See Bearhead v. American Inv. Co., 157 Okl. 84, 10 P.2d 1086, and Home Development Co. v. Hankins, 195 Okl. 632, 159 P.2d 1013.

In view of our decision herein, it is unnecessary to consider other contentions made by the parties.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J. and HALLEY, JOHNSON, BLACKBIRD, JACKSON, and IRWIN, JJ., concur.