Jerome M. WESTHEIMER et al., Plaintiffs in Error,

v.

Doris W. NEUSTADT et al., Defendants in Error.

No. 38781.

Supreme Court of Oklahoma.

May 23, 1961.

Geo. N. Otey, James W. Williams, Otey, Johnson & Evans, Ardmore, and Richard Stone, Waurika, for plaintiffs in error.

Ivy, Ivy & Ivy, Waurika, for defendants in error.

WELCH, Justice.

The trial court determined that the plaintiffs had by adverse possession acquired the title to lands originally owned by plaintiffs and defendants as tenants in common.

The evidence reveals that the land was originally owned by Max Westheimer, Simon Westheimer, David Daube, E. F. Graham and F. B. Conrad. The evidence further shows that the land was so located that it was surrounded by land owned by one Laster Gaines, the lessee of said land. The land was not under fence other than by virtue of being included under the fence surrounding Gaines' land. Gaines testified that he was the present lessee and had been leasing said land for approximately forty years; he was now paying rent to Neustadt, and had made all payments for lease in the sum of $40 per year to Max Westheimer prior to the death of Westheimer; that he had never paid any one else and no one else except these two had ever talked to him about the land. He further testified that Max Westheimer, about thirty or thirty-five years ago, told him he, Westheimer, owned the land.

Walter Neustadt testified that he was the husband of Doris Neustadt, who was one of the plaintiffs; that he was executor of the Max Westheimer estate; that he had collected the rents from Gaines since the death of Max Westheimer, and that his wife and Juline Westheimer Wells, the plaintiffs, had been receiving the lease money from him.

The tax receipts offered in evidence disclosed that the taxes for the years 1917 through 1958 were variously receipted for to Max Westheimer, Westheimer and Daube, Westheimer and Neustadt, Max Westheimer Estate, Jean Neustadt, Davis W. Neustadt and Juline Westheimer.

An inventory for partial distribution in the Max Westheimer estate dated December 31, 1942, and recorded February 12, 1943, disclosed a distribution of the lands here involved in that estate to Juline Wells and Doris Neustadt.

An inventory and appraisement of the estate of Simon Westheimer, deceased, filed October 6, 1941, and likewise, the inventory in the estate of David Daube, who died subsequently to Max Westheimer, do not show any interest in this land listed.

Defendants demurred to plaintiffs' evidence, which demurrer was overruled and exceptions entered.

The defendants herein are heirs of the original owners except as to Max Westheimer, deceased, whose heirs are plaintiffs herein.

Defendants contend that evidence was insufficient to prove adverse possession.

The statute of limitations does not begin to run in favor of one co-tenant of land in possession, against another co-tenant thereof until actual ouster by the former or some other act or acts on his part amounting to a total denial of the rights of the latter, and until notice or knowledge of the act or acts relied on as an ouster is brought home to him. Beaver v. Wilson, 117 Okl. 68, 245 P. 34.

Beaver v. Wilson, supra, is one of the cases cited by plaintiffs in their brief as support for the judgment of the trial court. It is true that this court affirmed the lower court in that case.

The other authorities cited and relied upon by the plaintiffs are Longfellow v. Byrne, 68 Okl. 314, 174 P. 745, and Dobbins v. Dobbins, 141 N.C. 210, 53 S.E. 870, 10 L.R.A., N.S., 185. These cases also held that co-tenant acquired title as against other co-tenants by adverse possession, however, the evidence in these cases was similar to that in the case of Beaver v. Wilson, supra, in that along with other

circumstances the successful co-tenant had actually gone into possession.

In a more recent case, Keeler v. McNeir et al., 184 Okl. 244, 86 P.2d 1004, we had occasion to pass upon this question, wherein the facts were very similar to those presented in the case at bar. Therein it was shown that the co-tenant claiming title had entered into exclusive possession of the land and stated to others that he owned the complete and entire title, more than fifteen years prior to the filing of the action, that he had continuously had the exclusive possession for said period, paid all the taxes, collected and kept the income therefrom, and in general had acted as if he were the owner of the entire fee simple. Further, that neither the other co-tenant nor her heirs had ever theretofore asserted any rights in the land.

In sustaining the trial court which held that this evidence was insufficient to establish adverse possession, we said:

> "There is simply an absence of evidence indicating any repudiating by Brent of the rights or title of his co-tenant. He simply held possession, and of course being in possession took the profits and paid the taxes. And his statements to two of his acquaintances that he had bought her interest, whatever significance might be attached to them, were not such as would be calculated to have been brought to her attention, * * *"

It is clear that the court did not find the evidence in the Keeler case to be sufficient to apply the ruling adopted in the case of Beaver v. Wilson, supra, since in the Keeler case, supra, it did refer to the Beaver case, supra, and quoted therefrom.

The case of Keeler v. McNeir, supra, has been referred to with approval in the recent cases of Douglass v. Mounce, Okl., 303 P.2d 430, and Churchill v. Muegge, Okl., 323 P.2d 339.

■ From the record in this case we are unable to find any evidence of any action on the part of Max Westheimer during his lifetime, that would have put the other tenants in common on notice that he claimed adversely to their interest, though he rented the property, kept the proceeds and paid the taxes. In the case of Keeler v. McNeir, supra, we held this to be insufficient to show repudiation so as to place statutes of limitations in operation. Since there was no recording of order of distribution in the estate of Max Westheimer until February 12, 1943, wherein these plaintiffs purportedly took as heirs of Max Westheimer, it is clear this recording could not be relied upon for adverse possession, for the statutory period of fifteen years had not expired at time of the filing of this action, which was in June, 1957. Furthermore, we are of the opinion that the recording of the order alone would be insufficient to constitute ouster in view of what we said in Beaver v. Wilson, supra.

■ We are of the opinion, and so hold, that evidence that Max Westheimer collected the rents, paid the taxes, and represented to the lessee that he owned the property, was insufficient to place his co-tenants on notice or convey knowledge to them that he was denying their rights as co-tenants, so as to operate as an ouster or place the statute of limitations in operation.

Therefore the trial court erred in overruling defendants' demurrer to plaintiffs' evidence, and the cause is reversed and remanded, with directions for the trial court to proceed in accordance with the views expressed herein.

Reversed and remanded.

WILLIAMS, C. J., and DAVISON, HALLEY and JOHNSON, JJ., concur.

BLACKBIRD, V. C. J., and JACKSON, IRWIN and BERRY, JJ., dissent.