HODGE v. WRIGHT



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:HODGE v. WRIGHT

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 HODGE v. WRIGHT
2019 OK CIV APP 10
Case Number: 116460
Decided: 01/16/2019
Mandate Issued: 02/13/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 10, __ P.3d __

 


YVONNE HODGE in her personal capacity and in her capacity as the Personal Representative for the Estate of LEROY HODGE, PB-2002-8, Plaintiff/Counter-Defendant/Appellant,
v.
SALLY WRIGHT, Defendant/Counter-Claimant/Appellee,
and
THE UNKNOWN HEIRS, EXECUTORS, ADMINISTRATORS, TRUSTEES and ASSIGNS, immediate and remote of MARY RONEY, Deceased; MARGARET BELL LIVELY, WILLIAM F. LIVELY, EARL LIVELY, ED LIVELY, LOLA AMELIA HAZEL MATHIAS, LALA ROBERTA PEDERSEN, DARREL MELVIN PEDERSEN, EARL MATHIAS, OAKIE C. WELLS, FRANCIS NELSON WELLS, FRANCIS J. WELLS, MARY BLANCHE WELLS, HAZEL LOUISE CAMPBELL, a/k/a HAZEL LOUISE SEIFERT, MASON A. CAMPBELL, RONALD SEIFERT, UILA WELLS, HONORA MONTANA, EUGENE PAUL PATRICK YOUNG, JOHN FRANCIS YOUNG, MIRANDA JANE BARTLETT, a/k/a JANE BARTLEY, a/k/a JANE BARTLETT, HERBERT L. BARTLETT, ANNA MAUD BARTLETT, JO AUMAN, LLOYD C. BARTLETT, GALEN LLOYD BARTLETT, EDNA HEITMOR, BONNIE DALE BARTLETT, GEORGE STRITZEL, AXIE PIPER, a/k/a AXIE PIFFER, RALPH W. PIPER, SAMUEL PARSONS JONES, KATHERINE E. DeLAND, a/k/a KITTIE DeLAND, CHARLES DeLAND, LILLIE G. DeLAND, ALBERT WHITE, ELLIOTT DeLAND, ELLA C. DeLAND, HAROLD BLAINE LOGAN, MANNING DOCK HANKINS, JOHN EDWARD LOGAN, LILLIAN OAK JONES, WILLIAM CLARK WEDDELL, LOTA AXIE WEDDLE, a/k/a LOTA COURAGE, DUNCAN COURAGE, O.A. KISTLER, CLINTON C. WEDDLE, AUDREY ELIZABETH WEDDLE, a/k/a AUDREY ELIZABETH SPARLING, JOHN RAYMOND SPARLING, VICTOR SEWELL SPARLING, HERMAN CARL WILDERMAN, STANLEY B. ALLPER, TERRYL ELIZABETH JATON, CAPITOLA BREDE, ELMER A. BREDE, DWAYNE CLARK BREDE, AUDREY LARUE McCABE, LOUISE EUGENE McCABE, MARY GRACE HENDERSON, GEORGE ROBERT HENDERSON, HENRY JACKSON HAGEY, DAISY ORPHA HENDERSON, a/k/a DAISY ORPHA NORRIS, WILLIAM NORRIS, MARY ALICE NORRIS, a/k/a MARY ALICE GIBBONS, FRANK L. GIBBONS, GEORGIA NORRIS, JOSEPH NORRIS, VERA ELIZABETH SMITH, a/k/a VERA ELIZABETH NORRIS, NANCY JANE FARMER, FRANK GIBBONS, MARY FREEMAN, OSCAR L. HENDERSON, a/k/a OSCAR L. HAGEY, KATHERINE HENDERSON, VIRGIL A. TUCKER, NE ROMA JANE TUCKER, THELMA RUTH FARMER, RALPH EDWIN FARMER, ADITH COLLEEN DANIEL, WAYNE D. DANIEL, WILLIAM JAMES FARMER, CLARK R. FARMER, DAVID RALPH FARMER, ALLEN K. FARMER, KRISTI S. PEDERSEN, ALLEN WINTERS, LOLA H. PEDERSEN, LOU PEDERSEN, CHARLES MATHIAS, CLARENCE LIVELY, MASON WALTER CAMPBELL, SR., WILLIAM JACKSON CLARK, MARCIA YOUNG, CATHERINE YOUNG, DOROTHY ISGRIGG, MARGARET BARLETT, JERRY OWENS, ALVIRA OWENS, THEREAS OWENS, VALERIA OWENS, MOLLY STRITZEL, JEAU ANNE STRITZEL, ROBERT STRITZEL, JUDY BERGE, CHARLES WRIGHT, CHRISTY ALLYCE WRIGHT, DAVID M. WRIGHT, MARGARET ANNE BARTLETT, JACK C. BAILES, SR., CLIFFORD W. SORVIRS, JACK C. BAILES, JR., JENNIE GOLDEN, MARY JANE BARLETT, a/k/a MARY JANE STERELY, LAURIE L. STERELY, LESTER L. STERELY, LESLIE L. STERELY, LARRY L. STERELY, EULGENE LLOETTA HOARD, ROXANNE DYER, SHANNON SPARLING, WAYNE JATON, TRUEL KEHL, GREGORY A. KEHL, ROBERT D. ROSENLUND, GREGORY STEVEN DAVIS, STEPHEN SPARLING, RAYMOND SPARLING, TERI L. LAWRENCE, HARRIET SPARLING ARNOLD, HEIDE SPARLING ARNOLD, DANIEL TIMOTHY ARNOLD, DONNA FRITZ, JANET ARMSTONG, WILLIAM J. ARMSTRONG, MARILYN LOUISE SHEEHAN, CAROL ANN HODGES, CONSTANCE JEAN SALYER, STEPHEN RICHARD McCABE, DONNA AUDREY GERREN, GREGORY MICHAEL McCABE, MARILYN LOUISE TAYLOR, DEBBIE HULOWITZ, WILLIAM FARMER, MARIAN JANE TAYLOR FARMER, ERIC CLARK FARMER, ANGIE LORRAINE CHAMPANY, MARGARET JANNETT HILL, a/k/a MARGARET JANNETT HILL, AUDREY KEDSLEY, a/k/a AUDREY FARMER, CARRIE FARMER, CLINTON FARMER, DAVID FARMER, JEFF FARMER, DOROTHY NORRIS, JAMES WILLIAM GIBBONS, ERMANILL C. NUNES, a/k/a ERMANILL C. GIBBONS, JENNIE HENDERSON, NOLE MAE TUCKER, LILLIAN TUCKER, VIRGINIA TUCKER, CRAIG D. DANIEL, KRISTI PEARL CHILDERS, GLORIA SPRALING, DONNA FRITZ, DANIEL LEWIS FRITZ, MARK FRITZ, and LINDA SUSAN McCABE, if living otherwise the Unknown Heirs, Executors, Administrators, Trustees, Assigns and Successors, Immediate and Remote, of the said individuals, and The Unknown Heirs, Executors, Administrators, Trustees and Assigns, Immediate and Remote of SYLVESTER REIMER, Deceased, SYLVIA BRALEY, LAURA VENTERS; ROBERT HALL, MICHAEL HALL; CHRISTOPHER HALL; if living otherwise the Unknown Heirs, Executors, Administrators, Trustees, Assigns and Successors, Immediate and Remote, of said individuals, GEORGE BOARDMAN, ALTON C. LAMB , Jr., RUTH C. LAMB, ROBERT CAVITT, WANDA MAE PRICE HENN, BUELAH ALICE SMITH ROWLEY, WILLARD W. McINTYRE, KATHLEEN YORK, THELMA McINTYRE, MAX L. McINTYRE, HERMAN T. McINTYRE, VIRGIL S. McINTYRE, MARTIN S. McINTYRE, EDWARDS GRENS, and EVA IDELL CASH, Defendants if living, otherwise the Unknown Heirs, Executors, Administrators, Trustees and Assigns, Immediate and Remote of said Defendants, if deceased, and THE STATE OF OKLAHOMA, ex rel. OKLAHOMA TAX COMMISSION, Defendants.
APPEAL FROM THE DISTRICT COURT OF
NOBLE COUNTY, OKLAHOMA
HONORABLE NIKKI G. LEACH, JUDGE
AFFIRMED IN PART, REVERSED IN PART AND REMANDED
Harlan Hentges, Edmond, Oklahoma, for Plaintiff/Appellant,
Sally Stewart, Cristyn Lane, Roswell, New Mexico, Pro Se.
Kenneth L. Buettner, Judge:
¶1 Plaintiff/Counter-Defendant/Appellant Yvonne Hodge appeals a judgment entered following a bench trial in Hodge's claim for title by adverse possession. The trial court denied Hodge's claim based on its finding she had not shown an ouster of her co-tenants, though no one having an interest in the property appeared to counter Hodge's proof. The trial court concluded that Hodge's only remedy was through a partition proceeding. The trial court also denied Defendant/Counter-Claimant/Appellee Sally Stewart's claim, finding she did not prove an interest in the property. Stewart has not filed a petition in error appealing the judgment against her and that part of the judgment is final. We reverse the trial court's finding that Hodge had not shown an ouster of her co-tenants and therefore could not have gained title by adverse possession. Hodge and her predecessors paid taxes, fenced, used, and maintained the property to the exclusion of all others for more than fifteen years. The clear weight of the evidence showed Hodge had proved title by adverse possession.
¶2 In her 2014 Petition, Hodge sought to quiet title to a described quarter section in Noble County.[1] Hodge asserted she owned the property in her personal capacity and as the personal representative of the estate of her husband, Leroy Hodge. Hodge alleged that Mary Roney had owned title to the property at the time of her death in 1935 and that her son Charles Roney possessed the property until his death in 1980. Hodge asserted that when Mary Roney's estate was probated in 1956, her heirs were unknown except for Charles Roney. Hodge asserted that from 1971, Hodge's father-in-law Glen Hodge leased the property from Charles Roney. Hodge further alleged that Charles Roney's estate was distributed to his Wife and her estate was then distributed to her two brothers, Ruben Reimer and Sylvester Reimer, in 1982. Hodge alleged that Sylvester died in 1982 and his estate was not probated in Oklahoma. Hodge alleged that from 1980 until 1993 Glen Hodge and then his son Leroy Hodge leased the property from representatives of the Estate of Charles Roney, his heirs, or the estates of his heirs.
¶3 Hodge further averred that Ruben Reimer's share was distributed to his two children in 1993 and Leroy Hodge then purchased their interests. Hodge asserted she and Leroy Hodge had occupied the property without paying rent or other consideration to any party since 1993 and that in that time they paid the taxes, made improvements such as building fences and ponds, and cleared trees. Hodge asserted she continued the possession after Leroy's 1999 death. Hodge asserted she had obtained title to the property by adverse possession. Hodge asserted one group of Defendants were the unknown heirs of Sylvester Reimer, who received a 1/8th interest in the surface in the July 1982 final distribution of the estate of Charles Roney's wife. Hodge asserted the remaining Defendants were the heirs of the seven half siblings of Charles Roney. Hodge asserted Charles Roney held the property adversely to the interests of the half siblings from the 1935 death of Mary Roney until Charles's death in 1980.
¶4 In her Amended Petition, Hodge named as Defendants all potential heirs of Mary Roney's children that Hodge had discovered and asserted she had made publication notice for heirs she could not identify or locate. Hodge repeated the allegations made in her Petition and alleged she and her predecessor, Leroy Hodge, had satisfied the requirements of adverse possession for more than fifteen years.
¶5 The record shows Stewart and Defendant Christy Allyce Lane were served by mail and they filed a letter requesting time to assert an interest in the property "which we understood we would inherit." Stewart answered and denied Hodge's claim to title by adverse possession. Stewart asserted a counterclaim asking the trial court to determine her interest in the property and quiet title to that interest in her. Hodge answered and denied the claims made in Stewart's counterclaim.
¶6 The trial court entered a Journal Entry of Judgment August 17, 2016, in which it found twenty Defendants had been served and failed to answer. The trial court entered default judgment in favor of Hodge and against those Defendants. The trial court later granted default judgments against several of the remaining Defendants.[2]
¶7 Hodge then filed a motion for summary judgment against Stewart, which the trial court denied.
[3] Bench trial was held September 14, 2017. The trial court entered its Journal Entry September 18, 2017, in which it found Stewart had failed to present evidence establishing an interest in the property and denied her counterclaim for quiet title.[4] The court further found that Hodge had not shown she was entitled to adverse possession because she owned legal title to a 1/8 interest and in order to obtain title by adverse possession against co-tenants, she was required to prove an ouster of the co-tenants. The court found that Hodge's remedy was through a partition proceeding.
¶8 As noted above, only Hodge appeals. A claim for title by adverse possession is an equitable proceeding and we will affirm the trial court's decision unless it is against the clear weight of the evidence or is contrary to law. Akin v. Castleberry, 2012 OK 79, ¶11, 286 P.3d 638. "To establish adverse possession, the claimant must show that possession was hostile, under a claim of right or color of title, actual, open, notorious, exclusive, and continuous for the statutory period of fifteen years." Id.
¶9 The evidence of the elements of adverse possession was undisputed. Hodge improved the property, maintained it, fenced it and locked the gate to the exclusion of all others, paid taxes on it, and used it for cattle for more than fifteen years. The trial court noted, however, that because Hodge had legal title to a 1/8 interest by virtue of a 1993 Warranty Deed from Ruben Riemer's children to Leroy Hodge, the case must be analyzed as one where a co-tenant seeks title by adverse possession against his co-tenants. In such a case, the general rule has been explained as:


. . . the tenant in possession is deemed to be holding said possession for himself and for the tenant who is not in possession. The possession of the one is constructively possession for the other. Thus it is that the mere holding of possession, by one tenant, can never be considered adverse to his cotenant until there is some act or conduct on his part which must give the other cotenant notice that his title has been repudiated or is disputed by the one in possession; or there must be such conduct by the tenant in possession as reasonably would put the other tenant on inquiry . . .
Preston v. Preston, 1949 OK 59, ¶20, 207 P.2d 313, 201 Okla. 555 (emphasis added, quoting Keeler v. McNeir, 1939 OK 25, 86 P.2d 1004, 184 Okla. 244). The cases in Oklahoma on this question are in accord that more than "mere possession" is required, but those same cases are in conflict as to what acts amount to more than mere possession and therefore give rise to adverse possession against a co-tenant. In Tatum v. Jones, 1971 OK 147, 491 P.2d 283, the Oklahoma Supreme Court identified several cases addressing this issue and its analysis shows the contradictory nature of the decisions, citing Caywood v. January, 1969 OK 87, 455 P.2d 49; Westheimer v. Neustadt, 1961 OK 121, 362 P.2d 110, 111 ("We . . . hold, that evidence that Max Westheimer collected the rents, paid the taxes, and represented to the lessee that he owned the property, was insufficient to place his co-tenants on notice or convey knowledge to them that he was denying their rights as co-tenants, so as to operate as an ouster or place the statute of limitations in operation"); Preston, supra; and Keeler, supra.
¶10 In Wirick v. Nance, 1936 OK 98, 62 P.2d 997, 178 Okla. 180, the Oklahoma Supreme Court found a co-tenant had shown the right to title by adverse possession where "the whole record conclusively shows that the possession of the defendants was at all times open, visible, continuous and exclusive with claims of absolute ownership, such as would undoubtedly constitute notice to parties seeking information upon the subject that the premises were not held in subordination to any title or claim of others, but against all claimants of title." This holding suggests that ouster of a co-tenant may be proved by the same evidence as would prove adverse possession against a stranger.
¶11 This suggestion appears also in Preston, supra, where the Oklahoma Supreme Court noted an earlier Oklahoma case explaining that proof of the elements of adverse possession may be proof of an ouster:


It may be noted that in the latter case it was held that the acts of Joe Grayson, the tenant in common who there took possession of the land, and his grantees, amounted to an ouster of the other tenants in common who were out of possession. The acts specified as amounting to an ouster were: The execution of a five-year lease covering all of the land; A deed by Joe Grayson purporting to convey the whole interest; Fencing the land; The collection of rents; Other acts of absolute and unqualified possession for more than twenty years. It was held that these acts were ample as a predicate for a finding of ouster by the trial court. The decree of the trial court sustaining title by prescription was affirmed.
207 P.2d 313 at ¶23, 319, citing Beaver v. Wilson, 1926 OK 267, 245 P. 34, 117 Okl. 68. In Preston, the co-tenant remained in possession of the land for over twenty years, paid a mortgage on it, built a house and garage, paid the taxes and collected rents. During that time "no other person ever claimed or asserted any right, title or interest in said premises or demanded any of the rents or income" until the quiet title action was filed. The Oklahoma Supreme Court affirmed the trial court's finding that the co-tenant had obtained title from his co-tenants by adverse possession.
¶12 In this case, as in Preston, no other person ever appeared to claim or assert any right in the premises until Hodge filed her quiet title action. And even then, only Stewart, who could not prove an interest, appeared to claim a right. Hodge's proof showed more than mere possession of the property, and no one who could prove an interest appeared to present contrary evidence. Accordingly, the weight of the evidence supported Hodge's claim to ownership by adverse possession. We note the trial court's suggestion that Hodge could seek partition, but that would appear to be a futile action where there is no indication of anyone with an interest remaining with whom to partition the property. The purpose of a quiet title action is to determine who is the real owner of property and put to rest adverse claims. Schultz v. Evans, 1951 OK 61, ¶13, 228 P.2d 626, 204 Okla. 209, quoting Home Dev. Co. v. Hankins, 1945 OK 153, 159 P.2d 1013, 195 Okla. 632. In this case, the trial court did not make a determination that anyone is the real owner of the property in question. Based on the undisputed evidence, this was error. We therefore reverse the judgment denying Hodge's claim for quiet title and remand with directions to quiet title to the subject property in Hodge's name.
¶13 AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BELL, P.J., and JOPLIN, J., concur.
FOOTNOTES
[1] The property at issue is the SE/4 of Sec. 29-20N-1E. Hodge also sought title to 11/16ths of the minerals in the same tract, and at trial she dismissed her claim to any interest in severed minerals.
[2] At the beginning of trial, Hodge asserted that the remaining parties she had been able to serve had been disposed of either through default judgments or quit claim deeds, and that the remaining parties who were served by publication had been disposed of by default judgments.
[3] Hodge asserted she sought summary judgment against Stewart and Lane as Defendants/Counter-Claimants. We note that Lane did not answer or otherwise file a counterclaim. Lane joined Stewart in her letter asking for more time and Lane is named on Stewart's appellate brief.
[4] Stewart testified she was a great great grandchild of Mary Roney. Her testimony indicated she would have at most a 1/132 interest in the property, but she could not show a chain of probated estates showing she had inherited any interest. Mary Roney's will directed the quarter section at issue here be devised 40 acres to Charles Roney, 20 acres to S.P. Jones, 20 acres to J.E. Jones, and 80 acres jointly to six others, one of whom was Stewart's great grandmother. The record includes a 1974 letter from Charles Roney stating that all of the other devisees in Mary Roney's will were deceased and Charles Roney had no knowledge of the existence or location of their heirs.
 




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1939 OK 25, 86 P.2d 1004, 184 Okla. 244, KEELER v. MCNEIR
Discussed at Length
 1936 OK 98, 62 P.2d 997, 178 Okla. 180, WIRICK v. NANCE
Discussed at Length
 1945 OK 153, 159 P.2d 1013, 195 Okla. 632, HOME DEV. CO. v. HANKINS
Discussed at Length
 1961 OK 121, 362 P.2d 110, WESTHEIMER v. NEUSTADT
Discussed
 1969 OK 87, 455 P.2d 49, CAYWOOD v. JANUARY
Discussed
 1971 OK 147, 491 P.2d 283, TATUM v. JONES
Discussed
 2012 OK 79, 286 P.3d 638, AKIN v. CASTLEBERRY
Discussed
 1926 OK 267, 245 P. 34, 117 Okla. 68, BEAVER v. WILSON
Discussed at Length
 1951 OK 61, 228 P.2d 626, 204 Okla. 209, SCHULTZ v. EVANS
Discussed at Length
 1949 OK 59, 207 P.2d 313, 201 Okla. 555, PRESTON v. PRESTON
Discussed at Length


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA